COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


SAMUEL A. BARNES

v.   Record No. 2358-94-4                MEMORANDUM OPINION[*]
                                            PER CURIAM
GUARDIAN AUTO GLASS                         MAY 30, 1995
AND
PACIFIC EMPLOYERS INSURANCE COMPANY


                         FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

        (Craig A. Brown; Ashcraft & Gerel, on brief), for
        appellant.

        (Douglas A. Seymour, on brief), for appellees.



    Samuel A. Barnes contends that the Workers' Compensation Commission erred in finding that he failed to establish disability related to his compensable occupational disease, carpal tunnel syndrome.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

    On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  In holding that Barnes failed to establish disability, the commission found as follows:

        [O]n April 11, 1991, [Barnes] was diagnosed
        with carpal tunnel syndrome related to his

_____
    [*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

> occupation by Dr. Frank J. Talbot. Dr.
> Talbot next saw [Barnes] on April 2, 1992. A
> subsequent EMG test determined work related
> carpal tunnel syndrome in both hands. In an
> Attending Physicians Report of April 21,
> 1992, the doctor noted that there was
> disability from work but indicated no
> beginning or ending date. In an October 15,
> 1992, report Dr. Khosrow Matini confirmed the
> earlier diagnosis and recommended that
> [Barnes] was an ideal candidate for surgical
> release. . . . The only evidence of
> disability is the Attending Physicians Report
> checking that there was disability from work.
> <u>Neither this report nor any of the other
> medicals indicate a specific date of
> disability or period of disability.</u>

(Emphasis added.)

Nowhere in the record is any opinion indicating a specific period of disability related to Barnes' carpal tunnel syndrome. Thus, the commission did not err in awarding Barnes' medical benefits for carpal tunnel syndrome and denying Barnes' request for an award of disability benefits.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>