COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

HALMOR CORPORATION D/B/A
 DR. PEPPER OF STAUNTON
AND
SELECTIVE INSURANCE COMPANY

v.    Record No. 2293-94-3

ROBERT DONALD KELLEY

MEMORANDUM OPINION[*]
PER CURIAM
MAY 30, 1995

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(G. Rodney Young, II; Wharton, Aldhizer & Weaver,
on brief), for appellants.

No brief for appellee.


Halmor Corporation d/b/a Dr. Pepper of Staunton and its
insurer (hereinafter collectively referred to as "employer")
contend that the Workers' Compensation Commission erred in
finding that Robert Donald Kelley sustained an injury by accident
arising out of and in the course of his employment.  Upon
reviewing the record and opening brief, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
commission's decision.  Rule 5A:27.

"In order to carry his burden of proving an 'injury by
accident,' a claimant must prove that the <u>cause</u> of his injury was
an <u>identifiable incident or sudden precipitating event</u> and that
it resulted in an <u>obvious sudden mechanical or structural change
in the body</u>."  <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

858, 865 (1989).

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). We must uphold the commission's findings of fact if they are supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Kelley testified that on November 15, 1993, he lifted and pulled the corner of a three-foot by four-foot pallet loaded with drinks in an attempt to remove the plastic wrap. Kelley testified that the plastic wrap would not come off and that he had to lift and pull it several times to remove it from the pallet. After removing the plastic wrap, Kelley loaded or moved the pallet. Approximately five minutes later, he sat down in a truck and felt a bulging pain. He examined himself in the restroom and discovered that "things didn't look right." He informed his co-worker that he had hurt himself. The co-worker told him that he had sustained a hernia. The pain worsened as Kelley continued to work. At 1:00 a.m. the next morning, Kelley sought treatment at King's Daughter's Hospital emergency room.

The hospital emergency room report states that Kelley "pulled something loose in LLQ, at work 8 pm tonight upon lifting pallet of Dr. Pepper-noted swelling upon getting into truck." Kelley was diagnosed with acute inguinal hernia. Dr. William L. Faulkenberry's Attending Physician's Report relates a similar

history and notes treatment for left inguinal hernia.

The commission awarded compensation, finding that Kelley's left inguinal hernia was the result of a November 15, 1993, identifiable incident that caused an obvious sudden mechanical or structural change in Kelley's body. Kelley's testimony and the medical evidence provides sufficient credible evidence to support the commission's findings. Although Kelley did not experience pain until five minutes after pulling and lifting the pallet, his condition can be fairly traced to an identifiable incident occurring at a specific time. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For the reasons stated, we affirm the commission's decision.

Affirmed.