**Norfolk**

R. G. MOORE BUILDING CORPORATION

and

UNITED STATES FIDELITY & GUARANTY CO.

v.

CYNTHIA LOUISE MULLINS

No. 0465-89-1

Decided April 17, 1990

212

COUNSEL

Phillip E. Landrum, Jr. (Landrum and Strong, on brief), for appellant.

Albert C. Selkin (White and Selkin, on brief), for appellee.

OPINION

**COLEMAN, J.**—The employer and its insurer appeal the denial by the Industrial Commission of their application to suspend the employee's benefits due to her refusal to submit to an independent medical examination, as required by Code § 65.1-91. The employer also appeals the commission's refusal to permit the introduction of impeachment evidence at a remand evidentiary hearing before the deputy commissioner. We uphold both rulings and affirm the commission.

 Following established principles, we review the evidence in the light most favorable to the prevailing party. *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

Cynthia Louise Mullins, a laborer employed to do landscaping for the employer-contractor, was awarded compensation benefits pursuant to an agreement for injuries she received on February 3, 1987, when she twisted her right ankle stepping down from a flat bed truck. The injury required ankle surgery on November 6, 1987. The treating physician characterized the injury as very painful, involving subluxing peronel tendons with compartment syndrome. While the employee was recuperating from the surgery, the employer scheduled an independent medical examination for her on April 5, 1988 with Dr. Sterling R. Williamson, an orthopaedic surgeon. At the time of the medical examination, the claimant remained incapacitated and used a cane to walk. She was "up to 80% weight bearing" but still walked with an antalgic

gait. Following her surgery, a consultation with a psychiatrist was arranged due to her "depression, anxiety, and constant pain." She continued periodic psychiatric consultations up until the date that the medical examination with Dr. Williamson was scheduled.

When Ms. Mullins reported for the April 5 examination, Dr. Williamson apparently reviewed some of claimant's medical records and directed the nurse to "set up for a stress test." When the doctor reached to take hold of the claimant's leg, while she was on the examining table, she told him that her treating physician, Dr. Morina, had told her to do no stretching and bending and that she would not do a stress test. At that point, Dr. Williamson announced, "The examination is over," and told the claimant and her aide, who was provided by the insurance carrier, "to get out." The commission found on these facts that the claimant was justified in refusing to submit to the stress test because "she was genuinely in fear of the testing."

The employer argues that Dr. Williamson, a board certified orthopaedist, was better able to determine whether a stress test should be administered and how far to proceed with the test than was the claimant, a layman.

The argument fails to address the issue. The dispositive question is not whether the test was justified in Dr. Williamson's professional judgment, or even from an objective medical point of view. Justification for refusal must be determined from the viewpoint of the claimant. If an employee, without justification, refuses to submit to or in some way obstructs a medical examination to which an employer is entitled, compensation benefits will be suspended during the continuation of the refusal. Code § 65.1-91.

Justification is a factual determination made upon an objective view of all circumstances as they reasonably appeared to the claimant. The commission's factual findings on this issue are conclusive and binding on this Court if supported by credible evidence. Code § 65.1-98; *Goodyear Tire & Rubber Co. v. Watson*, 219 Va. 830, 833, 252 S.E.2d 310, 312 (1979).

The facts support the commission's finding that the claimant was justified in refusing to take a stress test because of "her genuine fear of the testing" and the potential for injury. Moreover, accepting her account of the limitations which Dr. Morina, her

treating physician, had placed on her, to have performed the test would have been contrary to the course of treatment which he had prescribed. Credible evidence supports the commission's finding.

We find no error in the commission's approval of the deputy commissioner's refusal to permit the employer to call Dr. Sterling Williamson and William Prince, a claims representative, in rebuttal at the remand hearing. The deputy commissioner had erroneously ruled at the initial evidentiary hearing that Mrs. Ruthie Hamlin, the aide who accompanied the claimant to the medical examination, would not be permitted to testify, even though she had relevant and probative evidence. The commission remanded the case for the express and limited purpose of taking Mrs. Hamlin's evidence, which had been improperly excluded. The employer made no request to the commission that, on remand, it be allowed to call rebuttal or impeachment witnesses. The deputy commissioner did not err in discharging the commission's order. Moreover, Dr. Williamson did not attend the initial hearing; therefore, since he would not have testified at the initial hearings in rebuttal had Hamlin's evidence been presented, no abuse of discretion occurred by refusing to admit the evidence without a motion being made before the commission.

Regarding the testimony of William Prince, Ruthie Hamlin acknowledged on cross-examination the conversations and content thereof about which William Prince would have supposedly testified. Therefore, his evidence would not have impeached Ruthie Hamlin.

Accordingly, we affirm the commission.

*Affirmed.*

Baker, J., and Barrow, J., concurred.