COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz, Bray and Senior Judge Hodges

DANVILLE SCHOOL BOARD

v.   Record No. 1940-94-3                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
GEORGE BRUMFIELD                                 MAY 9, 1995


                          FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (Gregory P. Cochran; Caskie & Frost, on briefs), for
            appellant.

            (J. Gorman Rosenberger, Jr.; Wilson, Garbee &
            Rosenberger, on brief), for appellee.


     Danville School Board contends that the Workers'

Compensation Commission erred in finding that George Brumfield

proved that (1) his current disability resulting from his back

condition was causally related to his March 31, 1992 compensable

injury by accident; and (2) he was unable to return to his pre-

injury work as of June 18, 1993.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the party prevailing below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings made by the commission will be upheld on appeal

if supported by credible evidence.  James v. Capitol Steel

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

In awarding claimant temporary total disability benefits beginning June 18, 1993 and continuing, the commission found as follows:

> The record in this case is replete with medical evidence indicating that the claimant is suffering from disabling back problems caused by his March 31, 1992 industrial accident which rendered him temporary totally disabled. [Dr. Alton Gross'] letter of October 15, 1993, while indicating that the claimant could perform his work as a teacher if his position were available with the defendant, was clarified in a subsequent letter dated January 14, 1994 which stated that the claimant could not "perform his regular work lifting up to 50 pounds after his injury or at the present time." The claimant testified that while he had some back pain before his accident, it resolved with medication and did not last long.

The medical records and reports of the treating physician, Dr. Gross, constitute credible evidence to support the commission's findings. Dr. Gross' records demonstrate that the claimant has suffered from disabling back pain since his March 31, 1992 industrial injury. There is no evidence that claimant suffered from disabling back pain prior to the industrial accident. Dr. Gross' records also demonstrate that, since June 18, 1993, claimant was consistently limited to light duty, which would have prevented him from carrying out all of the duties of his pre-injury work as a shop teacher.[1]

---

[1] The commission found that the claimant made a reasonable effort to market his residual capacity after June 18, 1993. Because this finding was not appealed by employer, we will not address it.

2

For the reasons stated, we affirm the commission's decision. Claimant's request for an award of attorney's fees and costs is denied.

Affirmed.
