COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia

C & C PLUMBING, INC. AND
 COLONIAL AMERICAN CASUALTY
 & SURETY CO.

v.       Record No. 2390-94-4        MEMORANDUM OPINION[*] BY
                                     JUDGE JOHANNA L. FITZPATRICK
WILLIAM VAUGHN                            JUNE 6, 1995

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

     Robert C. Baker, Jr. (Mell, Brownell & Baker, on brief),
      for appellants.

     Patrick H. Knight for appellee.


     C & C Plumbing, Inc. and its insurer Colonial American

Casualty & Surety Co. (collectively referred to as employer)

appeal the commission's decision awarding benefits to William

Vaughn (claimant).  Employer argues that the commission erred in

finding that claimant did not refuse its offer of selective

employment.  We disagree and affirm the commission.

     On September 30, 1993, claimant suffered compensable

injuries to his left ankle and knee when he enforced a company

policy prohibiting plumbers from entering employer's warehouse.

A plumber entered the warehouse, and a fight developed between

claimant and the plumber.  While breaking up the fight, another

employee hit claimant in the knee and stomped on his ankle.

     Claimant sought medical treatment from Dr. Donald L. MacNay,

who released claimant to light duty on October 14, 1993 with an

---

[*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

air cast splint.  Claimant was released to return to work on December 2, 1993, and Mike Bailey (Bailey), the warehouse manager, told claimant that there was no light duty available. Claimant was assigned to pull orders, a task involving carrying boxes and loading a truck.  His ankle began hurting, and Bailey assigned claimant to take inventory while sitting in a chair. Claimant testified that the chair had only three wheels and that the nature of the boxes made it difficult to take inventory from a seated position.

The commission found that the claimant did not refuse employer's offer of selective employment:

> The claimant attempted to pull heavy items as directed but was unable to continue.  We find no evidence that . . . an appropriate chair was provided or that the task could be completed from a seated position because of the placement of the boxes.  We also note that Dr. MacNay did not approve such job nor is it clearly within the claimant's light duty restrictions.

On appeal, "we review the evidence in the light most favorable to the prevailing party."  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Factual findings of the . . . [c]ommission will be upheld on appeal if supported by credible evidence."  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Code § 65.2-510 provides that "[i]f an injured employee refuses employment procured for him suitable to his capacity, he

shall only be entitled to the benefits provided for in § 65.2-603 during the continuance of such refusal, unless in the opinion of the Commission such refusal was justified."  In selective employment cases, "when the employer establishes that a job offer has been tendered within the residual capacity of the injured employee, the burden of persuasion then shifts to the employee to show justification for refusing the offer of selective work." Jules Hairstylists, Inc. v. Galanes, 1 Va. App. 64, 66, 334 S.E.2d 592, 593 (1985).  Although an employer need not always submit the job description to a claimant's doctor for approval, "the tender of limited employment must necessarily be based upon informed medical opinion."  Talley v. Goodwin Bros. Lumber Co., 224 Va. 48, 52, 294 S.E.2d 818, 820-21 (1982).

Credible evidence supports the commission's finding that claimant did not refuse selective employment.  The commission specifically found that the job offered by employer did not meet the light duty restrictions imposed by Dr. MacNay.  The evidence established that claimant was unable to perform the work assigned by employer because no appropriate chair was provided and the work was difficult to complete from a seated position.

Accordingly, the decision of the commission is affirmed.

Affirmed.