COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

ANGELA MAY JENKINS

v.   Record No. 0616-95-4                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
WRANGLER, INC./VF CORPORATION                  JULY 17, 1995

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (George Warren Shanks, on briefs), for appellant.
            Appellant submitting on briefs.

            (J. David Griffin; Fowler, Griffin, Coyne & Coyne, on
            brief), for appellee.  Appellee submitting on brief.


      Angela May Jenkins (claimant) appeals from a decision of the

Workers' Compensation Commission finding that she was not

entitled to compensation after November 6, 1992 for disability

due to her compensable occupational disease, bilateral carpal

tunnel syndrome.[1]  The commission relied upon a November 6, 1992

release by Dr. Dennis W. Wise, the treating orthopedist, to find

that the claimant was able to return to her pre-injury work,

without restrictions, as of that date.  The claimant contends

that the commission erred in relying upon this release.  We

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1]The deputy commissioner ruled that the claimant met her burden under Code § 65.2-400 and proved that her bilateral carpal tunnel syndrome constituted an occupational disease causally related to her employment.  Employer did not seek review of these findings by the full commission.  Therefore, they became the law of the case.  The full commission ruled that Dr. Wise communicated to the claimant on January 20, 1992 that she suffered from carpal tunnel syndrome causally related to her work.  This finding was not appealed by employer to this Court.

agree.  We reverse the commission's decision and remand this case for entry of an award consistent with this opinion.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "[I]f no credible evidence exists in support of a factual finding, the issue of the sufficiency of the evidence is one of law for this Court to decide."  Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 333, 381 S.E.2d 359, 360 (1989).

The commission failed to recognize that, in his November 6, 1992 release, Dr. Wise referred only to the claimant's ability to return to regular work, without restrictions, based on the cervical strain diagnosis.  Dr. Wise did not state on the release form that the claimant had recovered sufficiently from her carpal tunnel syndrome that she could, without restrictions, return to her pre-injury work.  There were no corresponding office notes or any explanation from Dr. Wise for this narrowly-worded release.  Moreover, through July 1992, Dr. Wise consistently noted that the claimant suffered from arm and hand pain, and that carpal tunnel release surgery was the only possible solution to her problem.  The claimant testified that she wanted to have the surgery, but she did not have the resources to pay for it.

Dr. Galen Craun, who examined the claimant on July 23, 1992 at employer's request, did not comment on her ability to work.  Dr. Frank C. McCue, III, an orthopedic surgeon who examined the

2

claimant on June 7, 1993, suggested that she be considered for light-duty work only and that surgery would be indicated if her condition remained symptomatic. Dr. McCue opined that an attempt to return to heavy activity in patients who have carpal tunnel syndrome generally causes recurrences.

The claimant testified about the pain and disability she continued to experience after November 6, 1992 due to her carpal tunnel syndrome. She also described her reasonable job search efforts from the time her compensation ended on September 14, 1992 through February 1993. She stated that, after February 1993, she asked friends about possible job prospects, but was unable to find suitable work.

S. Paul McFarland, a vocational evaluator for the Department of Rehabilitative Services, evaluated the claimant on December 4, 1992. Based upon this evaluation and his experience, McFarland opined that the claimant could not be placed in a job until she underwent the carpal tunnel release surgery recommended by her physicians.

This evidence proved, as a matter of law, that the claimant remained partially disabled after November 6, 1992, and that she made reasonable efforts to market her residual capacity. There is no evidence to support a finding that the claimant had recovered sufficiently from her carpal tunnel syndrome that she could return to her pre-injury work, without restrictions. Accordingly, the commission erred as a matter of law in finding

3

that the claimant did not prove that she was disabled after November 6, 1992, and in failing to award her temporary total disability benefits after November 6, 1992.

For the stated reasons, we reverse the commission's decision and remand this case for entry of an award consistent with this opinion.

<u>Reversed and remanded.</u>