COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


ADRIAN J. HARRIS

v.   Record No. 0410-95-1                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
EASTERN STATE HOSPITAL/                       AUGUST 1, 1995
 COMMONWEALTH OF VIRGINIA

             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Lois N. Manes, on brief), for appellant.

             (James S. Gilmore, III, Attorney General; Gregory E.
             Lucyk, Senior Assistant Attorney General; Peter R.
             Messitt, Senior Assistant Attorney General, on brief),
             for appellee.


        Adrian J. Harris contends that the Workers' Compensation

Commission erred in finding that (1) she was on light duty status

from June 29, 1993 until May 20, 1994; (2) she did not adequately

market her residual capacity during this period of time; and (3)

she did not return to her medical care providers between

September 1993 and May 1994.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party before the commission.  R.G. Moore Bldg.

Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

(1990).

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I.

On June 27, 1993, the claimant, a registered nurse, sustained an injury by accident arising out of and in the course of her employment with Eastern State Hospital ("employer"). The claimant worked for employer in a light duty capacity from June 29, 1993 through July 15, 1993, the date on which her employment was terminated.

The commission found that the claimant was placed on a light duty status from June 29, 1993 until May 20, 1994, when she was released by Dr. W.F. Peach, Jr., a neurosurgeon, to return to her regular employment without restrictions. This finding is supported by the Williamsburg Urgent Care medical records. As of July 16, 1993, she was restricted from lifting over twenty-five pounds, from doing overhead work, and from violent patient contact. These restrictions remained unchanged until the claimant's release to full duty on May 20, 1994.[1]

In light of these medical records, the commission was entitled to reject the claimant's testimony that she believed she was totally disabled from July 15, 1993 through May 20, 1994. The claimant's testimony was not supported by the medical records. The medical records of Drs. Henry C. Rowe,[2] Peach, and

---

[1] Dr. Rowe's September 17, 1993 statement that the claimant needed total rest for her right upper extremity does not equate to an opinion that she was totally disabled from working in any gainful employment.

[2] On appeal, this Court will not consider evidence that was not properly before the commission. Thus, we do not consider Dr. Rowe's November 17, 1994 report. This report was not before the

James F. Lesnick contain no indication that the claimant was totally disabled from work between June 29, 1993 and May 20, 1994. Accordingly, the commission did not err in finding that the claimant remained on a light duty status during this period of time.

## II.

In order to establish entitlement to benefits, a partially disabled employee must prove that she has made a reasonable effort to procure suitable work but has been unable to do so. Great Atl. & Pac. Tea Co., 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). The claimant admitted that she did not seek work between July 15, 1993 and May 20, 1994. She testified that her doctors did not want her to work. However, this assertion is not supported by the medical records. Thus, the commission did not err in finding that the claimant made no effort to market her residual capacity, and therefore, was not entitled to disability compensation.

## III.

The claimant asserts that her testimony included innocent inaccuracies concerning the dates of medical treatment, and that the commission relied on these inaccuracies in rendering its decision. Therefore, she contends that the commission's decision should be reversed and the case should be remanded for the

commission when it rendered its decision, and it was improperly included in the appendix.

commission to consider the accurate dates. We find that the testimony was immaterial to the commission's decision. The commission found that the claimant was not totally disabled. This finding was based upon the medical records, not the claimant's testimony.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>