COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Senior Judges Cole and Duff

WAMPLER-LONGACRE, INC.
AND
PACIFIC EMPLOYERS INSURANCE COMPANY          MEMORANDUM OPINION[*]
                                                  PER CURIAM
v.    Record No. 1506-95-3                    NOVEMBER 21, 1995

SHIRLEY M. YOUNG

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Cathleen P. Welsh; Wharton, Aldhizer & Weaver, on
                brief), for appellants.

                (A. Thomas Lane, Jr., on brief), for appellee.


        Wampler-Longacre, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Shirley M. Young's

left lateral epicondylitis and right trigger thumb qualify as

compensable occupational diseases within the meaning of "disease"

under the Workers' Compensation Act ("the Act").  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The facts are not in dispute.  The parties stipulated that Young's job as a poultry worker required repetitive use of her hands and arms and that she was not exposed to the causative hazards of these conditions outside of her employment.  They also stipulated that Dr. Edward G. Chappell, Jr., Young's treating orthopedic surgeon, told her, on February 17, 1994, that she suffered from right trigger thumb and left lateral epicondylitis related to her work.  Dr. Chappell opined that Young's conditions were "a consequence of her work" and that her job "directly resulted" in these conditions.  Dr. Chappell defined these conditions as "repetitive motion disorders."  Based upon Dr. Chappell's opinions and the medical dictionary definitions of epicondylitis and trigger finger, the commission found that Young's conditions constituted "diseases" caused by her employment.[1]

The commission did not err in using the general medical definitions of epicondylitis and trigger finger to find that Young's conditions qualified as "diseases."  In Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 69, 461 S.E.2d 431, 433 (1995), we used the definition of carpal tunnel syndrome in Dorland's Illustrated Medical Dictionary to find that it

---

[1]Using the Sloan-Dorland Medical Legal Dictionary, the commission defined epicondylitis as an "inflammation of the epicondyle or the tissues adjoining the epicondyle of the humerus."  Using the same dictionary, the commission defined trigger finger as "due to stenosing tendovaginitis."  The dictionary defined tendovaginitis as the "same as tenosynovitis," which is an "inflammation of a tendon sheath."

qualified as a "disease" under the definition of disease we adopted in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993). The Sloan-Dorland definitions place epicondylitis and trigger finger within the definition of disease set forth in Piedmont and approved of in Perdue.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). This Court will uphold the commission's factual findings if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

As in Perdue, Young's conditions did not present as obvious, sudden, mechanical or structural changes in her body. Rather, credible evidence supports the commission's finding that Young's left lateral epicondylitis and right trigger thumb are conditions characterized as "diseases" within the meaning of the Act.

Accordingly, we affirm the commission's decision.

Affirmed.