COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Senior Judges Cole and Duff


WLR FOODS, INC.
AND
PACIFIC EMPLOYERS INSURANCE COMPANY

v.   Record No. 0965-95-3                 MEMORANDUM OPINION[*]
                                             PER CURIAM
SCOTT L. CUBBAGE                          NOVEMBER 21, 1995


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Cathleen P. Welsh (Wharton, Aldhizer & Weaver, on
               brief), for appellants.

               A. Thomas Lane, Jr., for appellee.



     WLR Foods, Inc. and its insurer appeal a decision of the

Workers' Compensation Commission awarding benefits to Scott L.

Cubbage for the occupational diseases of bilateral tenosynovitis

and bilateral carpal tunnel syndrome.  Employer contends that the

commission erred in finding that (1) Cubbage made a claim for

left-sided tenosynovitis; (2) Cubbage's right-sided tenosynovitis

constitutes a "disease" within the meaning of occupational

disease under the Workers' Compensation Act ("the Act"); (3)

Cubbage's bilateral carpal tunnel syndrome constitutes a

"disease" under the Act causally related to his employment; (4)

Cubbage proved that Dr. Irvin E. Hess communicated a diagnosis of

work-related bilateral carpal tunnel syndrome to him; and (5)

Cubbage's bilateral carpal tunnel syndrome is a compensable

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

consequence of his bilateral tenosynovitis.  For the following reasons, we reverse the commission's decision as to the first question presented and affirm the remainder of its decision.

## FACTS

The facts are not in dispute.  Cubbage began working for employer in September 1993.  His job duties involved hanging chickens on a shackle and pulling skins from various chicken parts.  In November 1993, he began to notice pain in his hands.

On January 20, 1994, Cubbage sought medical treatment from Dr. Irvin Hess, an orthopedic surgeon.  Dr. Hess initially diagnosed flexor tenosynovitis more severe on the right than the left.  Because he suspected early carpal tunnel syndrome, Dr. Hess referred Cubbage to Dr. Zack Perdue for nerve conduction studies.  These studies revealed that Cubbage suffered from bilateral carpal tunnel syndrome more on the right than the left.  Dr. Perdue opined that the repetitive nature of Cubbage's work caused his bilateral carpal tunnel syndrome.

Dr. Hess opined that because he had no history of a specific trauma, it was probable that Cubbage's tenosynovitis was related to his repetitive work.  However, he disagreed with Dr. Perdue's opinion concerning Cubbage's bilateral carpal tunnel syndrome. Dr. Hess testified that he could not opine within a reasonable degree of medical certainty that Cubbage's bilateral carpal tunnel syndrome was caused by his work.  Dr. Hess admitted that it was very difficult to separate the two conditions.

## I. LEFT-SIDED TENOSYNOVITIS

On April 20, 1994, Cubbage filed an application for hearing and claim for benefits with the commission alleging an occupational disease of bilateral carpal tunnel syndrome causally related to his employment. At the September 7, 1994 hearing, Cubbage made a claim for benefits based upon left-sided carpal tunnel syndrome and right-sided tenosynovitis and/or carpal tunnel syndrome.

No evidence in the record shows that Cubbage ever made a claim before the commission for an occupational disease of left-sided tenosynovitis. Absent such a claim, the commission did not have jurisdiction to award benefits for this condition. Accordingly, we reverse the commission's award of compensation to Cubbage for left-sided tenosynovitis.

## II. and III. RIGHT-SIDED TENOSYNOVITIS AND CARPAL TUNNEL SYNDROME

### A. "Disease" Issue:

In Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993), we defined "disease" as:

> any deviation from or interruption of the normal structure or function of any part, organ, or system (or combination thereof) of the body that is manifested by a characteristic set of symptoms and signs and whose etiology, pathology, and prognosis may be known or unknown.

"[T]he definition enunciated in Piedmont [has been recognized by this Court] as the general and accepted meaning of

the term 'disease,' a term which is presumed to be known by the legislature and is employed by it without restriction in Code §§ 65.2-400 and 65.2-401." Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 435 (1995) (carpal tunnel syndrome is a disease under the Act).

Tenosynovitis is defined as "inflammation of a tendon sheath." Dorland's Illustrated Medical Dictionary 1316 (26th ed. 1985). Using this general medical definition of tenosynovitis, as we did for carpal tunnel syndrome in Perdue, we find that tenosynovitis falls within the definition of disease set forth in Piedmont and approved of in Perdue.[1]

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). We must uphold the commission's factual findings if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

As in Perdue, Cubbage's right-sided tenosynovitis and bilateral carpal tunnel syndrome did not present as obvious, sudden, mechanical or structural changes in his body. Based upon our holding in Perdue and Dr. Hess' diagnoses, we conclude that credible evidence supports the commission's findings that Cubbage's right-sided tenosynovitis and bilateral carpal tunnel

---

[1]In his September 12, 1994 deposition, Dr. Hess defined tenosynovitis in a manner consistent with this general medical definition of tenosynovitis.

4

syndrome are conditions characterized as "diseases" within the meaning of the Act.

B.  Causation Issue:

"'Whether a disease is causally related to the employment and not causally related to other factors is . . . a finding of fact.' . . .  When there is credible evidence to support it, such a finding of fact is 'conclusive and binding' on this Court." Ross Laboratories v. Barbour, 13 Va. App. 373, 377–78, 412 S.E.2d 205, 208 (1991) (quoting Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988)).

The commission weighed the conflict between Dr. Perdue's opinion that Cubbage's bilateral carpal tunnel syndrome was caused by the repetitive nature of his work and Dr. Hess' testimony that he could not render such an opinion to a reasonable degree of medical certainty.  The commission accepted Dr. Perdue's opinion, which constitutes credible evidence to support its finding that Cubbage proved his bilateral carpal tunnel syndrome was causally related to his employment. "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

IV.  Communication of Diagnosis of Occupational Disease

Cubbage's testimony and Dr. Hess' records and testimony provide credible evidence to support the commission's finding that Dr. Hess communicated a diagnosis of an occupational disease to Cubbage at the time of his initial examination on January 20, 1994.  Dr. Hess testified that he told Cubbage on January 20,

6

1994 that he suffered from tenosynovitis causally related to his work.  Cubbage testified that on February 7, 1994, Dr. Hess told him he had bilateral carpal tunnel syndrome caused by his work.

Because our rulings on issues (I) through (IV) dispose of this appeal, we will not address question presented (V).  For the reasons stated, the commission's decision is reversed in part, and affirmed in part.

<u>Reversed in part,</u>
<u>affirmed in part.</u>

7