COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Senior Judges Cole and Duff


TARA K COAL COMPANY
AND
OLD REPUBLIC INSURANCE COMPANY            MEMORANDUM OPINION[*]
                                              PER CURIAM
v.   Record No. 1327-95-3                   NOVEMBER 21, 1995

GLENN COLLIER


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(S. T. Mullins; Lucy G. Williams; Street, Street,
Street, Scott & Bowman, on briefs), for appellants.

(Susan D. Oglebay, on brief), for appellee.


Tara K Coal Company and its insurer (hereinafter collectively referred to as "employer") contend that the Workers' Compensation Commission erred in finding that Glenn Collier's sensorineural hearing loss qualifies as a compensable occupational disease within the meaning of "disease" under the Workers' Compensation Act ("the Act").  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

The facts are not in dispute.  Collier worked as an underground miner from 1977 through 1989.  During this time period, he worked without hearing protection in an environment which exposed him to significant noise.  Collier began to notice

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

a decline in his ability to hear over several years.  On June 16, 1994, he sought medical treatment from Dr. Jeffrey P. Robbins, an otolaryngologist.  Dr. Robbins diagnosed a 31.25 decibel loss in Collier's right ear and a 33.75 loss in his left ear.  Based upon Collier's history and physical examination, Dr. Robbins concluded that Collier's "medically significant high-frequency sensorineural loss . . . resulted from 14 years of very significant and unprotected industrial (coal mining) noise exposure."  Dr. Roger D. Neal, who examined Collier at employer's request, agreed with Dr. Robbins' opinions.

Relying upon Collier's testimony and Dr. Robbins' opinions, the commission found that Collier's sensorineural hearing loss constituted a "disease" within the meaning of the Act. Furthermore, the commission concluded that the uncontradicted medical evidence provided clear and convincing proof that Collier's hearing loss is compensable under Code § 65.2-401.

In Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993), we defined "disease" as
> any deviation from or interruption of the
> normal structure or function of any part,
> organ, or system (or combination thereof) of
> the body that is manifested by a
> characteristic set of symptoms and signs and
> whose etiology, pathology, and prognosis may
> be known or unknown.

"[T]he definition enunciated in Piedmont [has been recognized by this Court] as the general and accepted meaning of the term 'disease,' a term which is presumed to be known by the

2

legislature and is employed by it without restriction in Code §§ 65.2-400 and 65.2-401." Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 435 (1995).

Sensorineural hearing loss is defined as "hearing loss due to a defect in the inner ear or the acoustic nerve." Dorland's Illustrated Medical Dictionary 583 (26th ed. 1985). Using this general medical definition of sensorineural hearing loss, as we did for carpal tunnel syndrome in Perdue, we find that it places Collier's condition within the definition of disease set forth in Piedmont and approved of in Perdue.[1]

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). This Court must uphold the commission's factual findings if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

As in Perdue, Collier's condition did not present as an obvious, sudden, mechanical or structural change in his body. Rather, credible evidence supports the commission's finding that Collier's sensorineural hearing loss is a condition characterized as a "disease" within the meaning of the Act.

Accordingly, we affirm the commission's decision.

Affirmed.

---

[1] Dr. Robbins agreed that Collier's sensorineural hearing loss qualifies as a disease under the Piedmont definition.

3