COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


THE SOUTHLAND CORPORATION/SEVEN-ELEVEN
AND
AMERICAN PROTECTION INSURANCE COMPANY

                                           MEMORANDUM OPINION[*]
v.    Record No. 0896-96-4                     PER CURIAM
                                            OCTOBER 8, 1996
NAZIM ALI ALVI


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Michael L. Zimmerman; Brault, Palmer, Grove,
            Zimmerman, White & Mims, on brief), for
            appellants.

            (Jeremy Flachs, on brief), for appellee.


        The Southland Corporation/Seven-Eleven and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission ("commission") erred in

finding that Nazim Ali Alvi ("claimant") proved he was totally

disabled from May 22, 1994 through December 6, 1994; partially

disabled from January 14, 1995 through February 5, 1995;[1] and

totally disabled from February 6, 1995 and continuing.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Employer contends in its question presented that the
commission erred in awarding temporary partial disability
benefits to claimant for the period January 14, 1995 through
February 5, 1995.  However, employer did not present any argument
in its brief in support of this contention.  Therefore, we will
not address this period of disability on appeal.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

### Disability from May 22, 1994 through December 6, 1994

The records of Drs. Mahmood Mohamadi, Jeffrey I. Goltz, and Robert A. Smith provide ample credible evidence to support the commission's finding that claimant proved total disability from May 22, 1994 through December 6, 1994 causally related to his compensable May 21, 1994 back injury.

Dr. Mohamadi began treating claimant on May 25, 1994. Dr. Mohamadi prescribed "rest at home," and, on May 31, 1994, he referred claimant to Drs. Goltz and Smith for an orthopedic evaluation due to claimant's persistent pain. Based upon Dr. Mohamadi's records, the commission could reasonably conclude that claimant remained totally disabled from May 22, 1994 through June 6, 1994, when he first saw Dr. Goltz. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Dr. Goltz excused claimant from work until November 9, 1994, when he released claimant to full-duty. However, on November 14, 1994, Dr. Smith noted

2

claimant's continuing complaints of back pain radiating into his buttocks, and recommended that claimant undergo an MRI and remain out of work until his next evaluation. On December 5, 1994, Dr. Smith released claimant to light-duty work.

Because these medical records provide credible evidence to support the commission's finding that claimant was totally disabled from May 22, 1994 through December 6, 1994, we will not disturb this finding on appeal.

<u>Disability from February 6, 1995 and continuing</u>

The medical records and opinions of Drs. Smith and Daniel R. Ignacio provide ample credible evidence to support the commission's finding that claimant proved total disability beginning February 5, 1995 and continuing.

Claimant stopped working on February 5, 1995 due to increasing back pain. On February 10, 1995, Dr. Smith noted claimant's persistent pain, again recommended he undergo an MRI, and excused him from work. The February 21, 1995 MRI revealed marked degenerative disc disease at L4-L5 and L5-S1, bulging discs, and endplate changes at both levels, with focal spinal stenosis. Dr. Smith referred claimant to Dr. Ignacio for possible epidural injection therapy. On March 6, 1995, Dr. Ignacio excused claimant from work and recommended that he undergo physical therapy. Dr. Ignacio reiterated these recommendations on April 3, 1995. After April 3, 1995, claimant went to Pakistan on a family emergency and returned to the United

States in July 1995.  When Dr. Ignacio next evaluated claimant on July 10, 1995, he noted no physical changes in claimant's condition and again opined that claimant was totally disabled. On August 24, 1995, Dr. Ignacio opined that claimant should continue to remain off work.

Based upon these medical records, the commission could reasonably conclude that claimant was totally disabled beginning February 6, 1995 and continuing.  Because the commission's decision is supported by credible evidence, it will not be disturbed on appeal.

Accordingly, we affirm the commission's decision.

Affirmed.
