COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

HUNTLEY FARMS
AND
CENTURY INDEMNITY COMPANY                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
v.   Record No. 1169-96-4                    NOVEMBER 26, 1996

RANDOLPH S. KENDRICK, SR.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Douglas A. Seymour, on brief), for
            appellants.

            (Lawrence J. Pascal; Ashcraft & Gerel, on
            brief), for appellee.


     Huntley Farms and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission ("commission") erred in reversing the deputy

commissioner's credibility determination and finding that

Randolph S. Kendrick, Sr. ("claimant") proved he sustained an

injury by accident arising out of and in the course of his

employment on August 15, 1994. Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit. Accordingly, we summarily affirm the commission's

decision. Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below. R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

─────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The commission found that claimant sustained a new injury by accident arising out of his employment on August 15, 1994. In so ruling, the commission stated:

> We find credible the claimant's testimony that as he was stepping down from a saw mill platform, he stepped awkwardly onto the corner of a step in order to avoid a log which was protruding onto the step and a co-worker who was sawing on the platform. The comments of Dr. Dart indicate that the April, 1994 injury contributed to the claimant's ankle instability. The claimant, his wife, and the farm manager all testified that the claimant continued to experience problems with this ankle following the April injury. The awkward movement onto the step, combined ith [sic] the pre-existing ankle instability, caused claimant to fall. Although the step from the saw mill platform was not defective, the claimant's movement was impeded. The Deputy Commissioner found that this description of the accident was not credible because the medical reports do not mention the log protruding on the step. However, we do not find that the medical reports which describe the accident in general terms, impeach claimant's credible testimony.

If, as in this case, "the deputy commissioner's determination of credibility is based on the substance of the testimony rather than upon the witness's demeanor, such a finding is as determinable by the full commission as by the deputy." Kroger Co. v. Morris, 14 Va. App. 233, 236, 415 S.E.2d 879, 880 (1992).

2

Claimant's testimony, which was not inconsistent with the medical records, provides credible evidence to support the commission's finding that he sustained a new injury by accident arising out of and in the course of his employment on August 15, 1994. The deputy commissioner's credibility determination was based on the evidence and the substance of claimant's testimony. Therefore, the full commission could make its own credibility determination. Id. In its role as fact finder, the commission was entitled to accept claimant's testimony.

In addition, Dr. Dart's medical records provide credible evidence to support the commission's finding that claimant's post-August 15, 1994 disability and left ankle surgeries were causally related to his August 15, 1994 injury by accident.

For the reasons stated, we affirm the commission's decision.

Affirmed.