COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

B & R CLEANING COMPANY AND
 CINCINNATI CASUALTY COMPANY

v.   Record No. 2500-96-3                MEMORANDUM OPINION[*]
                                            PER CURIAM
ROBERT LEE MATHERLY                       MARCH 4, 1997

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Martha White Medley; Daniel, Vaughan, Medley &
                Smitherman, P.C., on brief), for appellants.

                (Rhonda L. Overstreet; Lumsden & Overstreet,
                on brief), for appellee.


    B & R Cleaning Company and its insurer (hereinafter
collectively referred to as "employer") contend that the Workers'
Compensation Commission (commission) erred in finding that Robert
Lee Matherly (claimant) did not unjustifiably refuse selective
employment.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

    On appellate review, we construe the evidence in the light
most favorable to the party prevailing below.  R.G. Moore Bldg.
Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788
(1990).  "To support a finding of refusal of selective employment
'the record must disclose (1) a bona fide job offer suitable to

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989)(quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)). Factual findings made by the commission will be upheld if supported by credible evidence. Id. at 515, 382 S.E.2d at 488.

The unrebutted evidence established that Dr. Murray E. Joiner, Jr. released claimant to full duty as a janitor, but restricted claimant to lifting no more than thirty-five to forty pounds and to no prolonged or repetitive bending. The job description submitted by employer to Dr. Joiner and approved by him required claimant to work with his body bent over at the waist on a frequent basis and required him to lift up to thirty-five pounds. Claimant testified that the job required frequent bending and lifting up to seventy-five pounds.

Based upon this record, the commission was entitled to give little or no weight to Dr. Joiner's approval of the job description. The commission's finding that the claimant's pre-injury work exceeded Dr. Joiner's restrictions, particularly as to prolonged and repetitive bending, is supported by credible evidence. In making its finding, the commission considered claimant's testimony and the size of the barrels claimant was required to lift. Because employer failed to prove that the

2

selective employment was suitable to claimant's residual work capacity, we cannot find that the commission erred in holding that claimant did not unjustifiably refuse the offer of selective employment.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>