COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


NORTHERN OPERATIONS CENTER, INC.
 AND VIGILANT INSURANCE COMPANY

                                    MEMORANDUM OPINION[*]
v.    Record No. 2141-98-4            PER CURIAM
                                     JANUARY 19, 1999
MIRTA CASTANEDA

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (William T. Kennard; Mell, Brownell & Baker,
          on brief), for appellants.  Appellants
          submitting on brief.

          (Metin A. Cay; Swiger & Cay, on brief), for
          appellee.  Appellee submitting on brief.



     Northern Operations Center, Inc. and its insurer

(hereinafter referred to as "employer") appeal a decision of the

Workers' Compensation Commission awarding Mirta Castaneda

temporary total disability benefits beginning December 24, 1996

and continuing.  Employer contends that the commission erred in

finding that Castaneda's evidence sustained her burden of proving

continuing disability after June 9, 1997.  Finding no error, we

affirm.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings made by the commission will be upheld on appeal

if supported by credible evidence.  See James v. Capitol Steel

_____

          [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that Castaneda sustained her burden of proving continuing disability after June 9, 1997, the commission found as follows:

> Dr. [Saul J.] Kaplan's records anticipated follow-up examinations every 4-6 weeks, but there is no suggestion in those records that he anticipated a change in condition and disability on such visits. Rather, Dr. Kaplan clearly reported on December 24, 1996 that the claimant could not work until the [Reflex Sympathic Dystrophy ("RSD")] problem had resolved. His subsequent records demonstrate that condition had not resolved. Rather, all reports after that date, including the one on April 28, 1997, show that Castaneda experienced no change in condition over that time. Moreover, this is confirmed by the uncontradicted Attending Physician's Report issued two days before the evidentiary hearing, which cannot be summarily rejected or ignored.

The evidence proved that Dr. Kaplan, Castaneda's treating orthopedic surgeon, consistently and unequivocally opined that Castaneda could not return to work until her RSD resolved, which it had not. In his October 7, 1997 Attending Physician's Report, Dr. Kaplan indicated that Castaneda had been disabled since October 7, 1996, and he placed question marks in the blocks on the form indicating the "Date able to return to light work" and "Date able to return to regular work." Dr. Kaplan's records and uncontradicted opinions provide credible evidence to support the commission's findings. Thus, those findings are binding and conclusive upon us on appeal. See id.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.