COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


DORAH MAEDA OGOLO
                                    MEMORANDUM OPINION*
v.    Record No. 3011-98-4              PER CURIAM
                                       JUNE 8, 1999
PIE GOURMET, LTD. AND
 NATIONWIDE MUTUAL INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Onyebuchi Enechionyia; Chidi A. Ogolo, on
              brief), for appellant.

              (Barbara T. Jones; Siciliano, Ellis, Dyer &
              Boccarosse, on brief), for appellees.


        Dorah Maeda Ogolo contends that the Workers' Compensation

Commission erred in finding that (1) her claim for temporary

partial disability benefits filed on November 24, 1997 was barred

by the applicable limitations period contained in Code

§ 65.2-708(A); and (2) the limitations period was not tolled

pursuant to Code § 65.2-708(C).  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the evidence proved that Ogolo injured her left ankle on August 14, 1994, while working for Pie Gourmet, Ltd. (employer). On October 19, 1995, Ogolo filed a claim for compensation for temporary total wage loss benefits beginning September 25, 1995, through October 9, 1995, compensation for partial wage loss, and compensation for permanent disability. Employer accepted the claim as compensable, and the parties executed a Memorandum of Agreement. On March 6, 1996, the commission awarded Ogolo temporary total wage loss benefits beginning October 2, 1995 through October 8, 1995. By Agreed Statement of Fact, the parties agreed that Ogolo returned to her pre-injury work on October 9, 1995, at a wage equal to or greater than her pre-injury wage. Although given the opportunity by the commission, neither party expressed any disagreement with the information contained in the Memorandum of Agreement or the Agreed Statement of Fact, which were the basis for the March 6, 1996 award. In addition, Ogolo did not ask that additional consideration be given to her request for permanent partial disability benefits. On November 24, 1997, Ogolo filed a claim requesting compensation for temporary total wage loss beginning September 16, 1997 through November 19, 1997, compensation for partial wage loss, and compensation for permanent disability benefits.

Code § 65.2-708(A) required that a change-in-condition application be filed within twenty-four months from the last day

-

for which compensation was paid. It is undisputed that Ogolo returned to work October 9, 1995, and did not file her change-in-condition application until November 24, 1997. Accordingly, unless the tolling provision contained in Code § 65.2-708(C) applied to extend the limitations period beyond October 8, 1997, the commission correctly determined that the claim was not timely filed.

Code § 65.2-708(C) provides that "[a]ll wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to [her] pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation." The commission found that when Ogolo returned to work she "was able to perform fully the duties of her pre-injury position." The evidence supports that finding.

Dr. M. David Tremaine's office notes established that as of November 16, 1995, Ogolo was "doing very well" and she was "back to her job as a baker and manager of a bakery." On December 22, 1995, Dr. Tremaine noted that "[a]t this time she is to continue wearing the aircast which she has been wearing. She is to continue working. She is working full-time doing her normal job as a baker, manager." On April 2, 1996 and July 9, 1996, the medical records again reflect that Ogolo was "doing well" and "working full-time." No evidence proved that when Ogolo returned

-

to her pre-injury work as a baker and a manager on October 9, 1995, that employer provided her selective employment; that her work-week was reduced from forty to thirty-five hours; or that she was unable to perform the duties of her pre-injury work.

Based upon this record, the commission did not err in finding that the tolling provision contained in Code § 65.2-708(C) did not apply to extend the limitations period. Accordingly, we affirm the commission's decision.

Affirmed.