COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


FARAWAY FARMS, INC. AND
 ERIE INSURANCE EXCHANGE

                                        MEMORANDUM OPINION*
v.    Record No. 2163-99-3                  PER CURIAM
                                          FEBRUARY 8, 2000
BRUCE DINGES


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (John C. Johnson; Tracy M. Benner; Frith,
                  Anderson & Peake, P.C., on brief), for
                  appellants.

                  (A. Thomas Lane, Jr., on brief), for
                  appellee.


     Faraway Farms, Inc. and its insurer (hereinafter referred

to as "employer") contend that the Workers' Compensation

Commission (commission) erred in finding that (1) Bruce Dinges

(claimant) proved he was totally disabled beginning August 13,

1998; and (2) its holding on the disability issue obviated the

need to address employer's argument that claimant failed to

market his residual work capacity.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In holding that claimant sustained his burden of proving total disability for the relevant time period, the commission found as follows:

> In his response to the questions posed to him by claimant's counsel in his letter dated August 18, 1998, Dr. Spicuzza stated his opinion that the claimant was totally disabled from the time of his accident. This opinion is substantiated by his note dated August 13, 1998, stating that the claimant was to be out of work for the "indefinite future."

> The employer relies heavily upon the deposition testimony of Dr. Spicuzza in arguing that claimant was not totally disabled. Unquestionably, that testimony on its face creates some equivocation on the issue. However, when we review the entire deposition transcript, we believe that the statements made by Dr. Spicuzza are more in the nature of hypothesizing rather than definitive statements as to functional ability. It would also appear from the context of those statements that Dr. Spicuzza was premising his hypothesis on the assumption that the claimant would undergo the surgery that was being considered.

Dr. Spicuzza's August 13, 1998 notes and his response to claimant's counsel's questions contained in the August 18, 1998 letter constitute credible evidence to support the commission's

finding that claimant carried his burden of proving total

disability beginning August 13, 1998.  Moreover, as fact finder,

the commission was entitled to weigh any inconsistencies between

that evidence and Dr. Spicuzza's deposition testimony.  The

commission did so and articulated legitimate reasons for

concluding that Dr. Spicuzza's deposition "statements [did not]

sufficiently outweigh the other evidence . . . to require a

finding that the claimant failed to carry his burden."[1]

For the reasons stated, we affirm the commission's

decision.

<u>Affirmed.</u>

---

[1] Our affirmance of the commission's holding on the disability issue renders it unnecessary for us to address the marketing issue.