COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


JEREMY JON CURLINGS

                                          MEMORANDUM OPINION*
v.    Record No. 1100-02-2                    PER CURIAM
                                          DECEMBER 31, 2002
HEAVY FLEET PRODUCTS, INC. AND
 UNIVERSAL UNDERWRITERS INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Jeremy Jon Curlings, pro se, on briefs).

          (William F. Karn; Butler, Williams, Pantele &
          Skilling, P.C., on brief), for appellees.


     Jeremy Jon Curlings raises six "Questions Presented" in his

opening brief.  Based upon our review of the record and the

"Argument" contained in Curlings's brief, we have determined

that those questions actually raise two issues for review: (1)

whether the Workers' Compensation Commission erred in finding

that Curlings failed to request a timely review of the deputy

commissioner's May 29, 2001 opinion, and (2) whether the

commission erred in failing to apply the doctrine of imposition.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that the August 2 and August 31, 2001 requests for review of the May 29, 2001 opinion were untimely, the commission made the following findings:

> It is undisputed that the Deputy Commissioner issued the Opinion in question on May 29, 2001, and that the claimant received a copy of the Opinion by certified mail on June 1, 2001.  Virginia Code § 65.2-705 provides that a party must file an application for Review with the Commission within 20 days from receipt of notice of an award.  Furthermore, it is well established that the Commission no longer has jurisdiction to review a decision after the 20 days have elapsed.
>
> The record establishes that the claimant was fully aware of his responsibility to timely request Review of Deputy Commissioner Bruner's May 29, 2001, Opinion.  The claimant timely noted an appeal from the earlier February 29, 2000, Opinion by Deputy Commissioner Colville, and in his Motion for Reconsideration of the May 29, 2001, Opinion, he specifically emphasized that he was not asking for a Review.  The Motion for Reconsideration was promptly denied, and Deputy Commissioner Bruner specifically advised the parties that such denial did not impact a timely Request for Review.  Neither party timely requested Review.

- 2 -

> We are not persuaded by the claimant's allegation that Deputy Commissioner Bruner made a "mistake" in the May 29, 2001, Opinion and that the Commission, therefore, retains jurisdiction over this matter because a mistake was made. The record contains no evidence to support the allegation that any mistake occurred. To the contrary, the record reflects that the claimant received the May 29, 2001, Opinion on June 1, 2001, and responded by disagreeing with several findings. This "disagreement" was manifested in his Motion for Reconsideration, which, at his request, was specifically not to be considered a Request for Review. The claimant's mere "disagreement" with the Deputy Commissioner's Opinion does not, standing alone, persuade us that the May 29, 2001, Opinion contains any mistakes.

The commission's factual findings are supported by credible evidence. If Curlings disagreed with the deputy commissioner's May 29, 2001 decision, he could have filed a timely request for review with the commission. The record established that Curlings was fully aware of that procedure for filing a request for review. Instead, he chose to file a motion for reconsideration of the deputy commissioner's decision and specifically indicated that he was not filing a request for review. When the deputy commissioner denied the motion for reconsideration on May 31, 2001, he informed Curlings that the "denial [did] not alter the time within which a review of the case may be taken by any party." Curlings failed to file a timely request for review.

On August 31, 2001, Curlings's attorney filed with the commission a request for review of the May 29, 2001 opinion. The request asserted that medical evidence refuted the deputy commissioner's finding that Curlings did not sustain neck, back and shoulder injuries as a result of his compensable injury by accident. The request also noted that the twenty-day period allowed for filing for review had expired; however, it asserted that a mistake had occurred which allowed the commission to exercise its jurisdiction. Nothing in the request alleges, however, that Curlings's failure to file a timely request for review of the May 29, 2001 opinion was the result of the commission's staff's disclosure to him that his neck, back, and shoulders were covered under the May 29, 2001 opinion. Because Curlings did not raise that argument before the deputy commissioner or in the request for review, the commission was not required to consider it. Indeed, in a March 18, 2002 letter to the commission, Curlings argued for the first time that he did not file a timely request for review of the May 29, 2001 opinion because the commission's staff told him and his father, within the twenty-day review period, that his neck, back and shoulders were covered under that award. The commission did not consider that argument in rendering its April 5, 2002 opinion. Accordingly, we will not address that argument on appeal. See Rule 5A:18.

The commission did not err in ruling that evidence in this record is not sufficient to justify invoking the doctrine of imposition.  Credible evidence indicates, as the commission found, that Curlings merely disagreed with the deputy commissioner's findings.  This is not a "mistake" or "imposition" as contemplated by <u>Harris v. Diamond Const. Co.</u>, 184 Va. 711, 36 S.E.2d 573 (1946).  For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>