COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


A.O. SMITH CORPORATION AND
 SENTRY INSURANCE COMPANY
                                      MEMORANDUM OPINION*
v.    Record No. 2626-02-3                PER CURIAM
                                       FEBRUARY 19, 2003
LINDA H. GOAD


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (James G. Muncie, Jr.; Thomas C. Bunting;
              Midkiff, Muncie & Ross, P.C., on brief), for
              appellants.

              No brief for appellee.


       A.O. Smith Corporation and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that Linda H. Goad (claimant) proved

that (1) she sustained a compensable change in condition as of

June 20, 2001; (2) she was working light-duty despite her having

signed two agreement forms indicating that she was released to

her pre-injury employment as of March 18, 2001; and (3) her

layoff from her job with employer on June 20, 2001 constituted a

compensable change in condition.  Upon reviewing the record and

opening brief, we conclude that this appeal is without merit.

_____

       * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In granting claimant's application, the commission found as follows:

> As to the claimant's condition on June 20, 2001, Dr. [Joseph H.] Wombwell indicated he reviewed a job description provided for the claimant, and concluded that she "could perform this job based on her functional capacity evaluation as long as the lifting of twenty-five pounds was not a frequent occurrence." The record contains a job analysis of the claimant's pre-injury job as an assembler and includes a detailed description of her use of a nut running tool. The job analysis indicates that the claimant frequently was required to lift between five and twenty-five pounds a total distance of between three and six inches.
>
> We do not need to decide if the two forms signed by the claimant that were memorialized in final Orders and not appealed, are legally binding. The claimant proved a change in condition whether or not the forms and Orders are binding.
>
> If we accept the employer's argument that the agreement forms and Orders establish the claimant was at full duty on March 18, 2000, Dr. Wombwell's June 20, 2001, report proves her condition changed. He found her only able to perform light

duty.  At most the forms prove the claimant's ability to work full duty on March 18, 2000, the date recited on the forms.  They say nothing about the claimant's condition on the date she alleges her condition changed, June 20, 2001.

If we find the forms and Orders are not binding, then the claimant was working at light duty from when she returned to work on March 18, 2000.  She proved entitlement to benefits since she was laid off while working at a light duty position.

The commission's factual finding that claimant was not released to perform her pre-injury job as of June 20, 2001 is supported by credible evidence, including claimant's testimony and Dr. Wombwell's June 20, 2001 medical report.  Regardless of the agreements signed by claimant with respect to her work status as of March 18, 2000, credible evidence proved that as of June 20, 2001, she was unable to perform all of the duties of her pre-injury job.  Accordingly, she proved a compensable change in condition, entitling her to an award of temporary total disability benefits commencing June 20, 2001.[1]

Because our affirmance of the commission's finding that claimant proved a compensable change in condition as of June 20, 2001, based on her testimony and Dr. Wombwell's medical reports, disposes of this appeal, we need not address questions II. and III. raised by employer.

---

[1] Employer did not appeal the commission's finding that claimant adequately marketed her residual work capacity as of June 20, 2001.  Accordingly, we need not address that issue on appeal.

For these reasons, we affirm the commission's findings.

<u>Affirmed.</u>