COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CECIL D. MCCORMICK, JR.

v.   Record No. 2127-95-3                    MEMORANDUM OPINION*
                                                   PER CURIAM
NEFF MASONRY, INC.                          JANUARY 23, 1996
AND
TRAVELERS INSURANCE COMPANY


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Cecil D. McCormick, pro se, on brief).

          (Warren H. Britt; Guynn & Britt, on brief), for
          appellees.


     Cecil D. McCormick, Jr. contends that the Worker's

Compensation Commission erred in granting Neff Masonry, Inc.'s

("employer") application and suspending his compensation benefits

on the ground that he unjustifiably refused selective employment

offered to him by employer.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings made by the commission will be upheld on appeal

if supported by credible evidence.  James v. Capitol Steel

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

"To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" Id. at 515, 382 S.E.2d at 489 (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)).

McCormick did not dispute that employer made a bona fide job offer to him to work as a mason at its Harrisonburg, Virginia location, and that this offer was procured for McCormick by employer. Moreover, McCormick did not argue before the commission that he was medically unable to perform this job. McCormick testified that he refused the Harrisonburg job because it was located at a work site eighty-six miles from his home in Clifton Forge, Virginia. He also asserted that he would not be able to see his children if he accepted the job. Employer had offered to bear the expenses of transportation and living accommodations for McCormick if he accepted the job.

The commission granted employer's application to suspend McCormick's benefits on the ground that he unjustifiably refused selective employment. In so ruling, the commission found as follows:

> [T]he employer has exhausted its efforts to locate suitable work closer to the claimant's home, and it appears that no gainful employment will be found unless the claimant travels outside the Clifton Forge area.

2

Moreover, the evidence does not show that the travel would be physically detrimental to the claimant, although he testified that he sometimes feels uncomfortable travelling long distance. His own testimony establishes that he regularly travels every other weekend to visit a son in Tennessee, and we are unpersuaded that he is incapable of making one weekly round trip to Harrisonburg. Also, the claimant testified at the hearing that he frequently worked at different times in Virginia Beach, and on at least one occasion worked a project there for eight months while travelling home on weekends.

We find unpersuasive the claimant's argument that the proffered employment will result in a lifestyle change, but that would be irrelevant in any event. We also do not consider the claimant's argument that he should not be compelled to relocate his residence, since the facts here do not require such action. Rather, the accommodations arranged by the employer would make consideration of that unnecessary.

The testimony of Richard Warren Fender, a vocational rehabilitation consultant who assisted McCormick in finding suitable employment, and Jerry Eugene Neff, employer's part owner, provides credible evidence to support the commission's findings. Based upon their testimony and the lack of a valid excuse from McCormick for refusing the job, we cannot find that the commission erred in granting employer's application to suspend McCormick's benefits.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

3