COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


GREAT COASTAL EXPRESS, INC.
AND
PACIFIC EMPLOYERS INSURANCE COMPANY

v.   Record No. 0108-96-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
JANICE RUCKER                                JUNE 11, 1996


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Patricia C. Arrighi, on brief), for
                appellants.

                (Gary L. Lumsden; Lumsden & Overstreet, on
                brief), for appellee.


        Great Coastal Express, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Janice Rucker

("claimant") (1) proved she sustained a change in condition as of

December 1, 1994; and (2) adequately marketed her residual

capacity beginning December 1, 1994.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp v. Mullins,

10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Factual

findings made by the commission are binding on appeal if

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

supported by credible evidence.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

I.

On March 31, 1994, claimant, who worked for employer as a tractor trailer driver, sustained multiple injuries as a result of her involvement in a motor vehicle accident.  Employer stipulated to the compensability of claimant's accident.  In a December 1, 1994 opinion, the commission awarded claimant benefits until July 28, 1994, the date Dr. Darrell F. Powledge released claimant to return to work.  On December 9, 1994, claimant filed a change in condition application alleging recurrent incapacity beginning December 1, 1994.

The commission awarded claimant temporary total disability benefits from December 1, 1994 through January 30, 1995, temporary partial disability benefits from January 31, 1995 through February 17, 1995, and temporary total disability benefits beginning February 18, 1995 and continuing.  The commission found that the uncontradicted medical evidence provided by Dr. William F. Swann proved that claimant could not perform her pre-injury work as of December 1, 1994.

The commission's finding is supported by evidence that Dr. Swann first prescribed Lorcet for claimant on October 3, 1994. Dr. Swann opined that claimant should refrain from driving tractor trailers as of December 1, 1994 due to medication prescribed for her March 31, 1994 injury.  Claimant testified

2

that she had been taking Lorcet since she came under Dr. Swann's care, and that she had not previously taken the drug under Dr. Powledge's care. Dr. Swann was the only physician to treat claimant since November 1994. Dr. Swann's opinion and claimant's testimony constitute credible evidence to support the commission's decision that claimant proved a change in condition as of December 1, 1994 related to her compensable March 31, 1994 injury by accident.

## II.

Based upon claimant's testimony concerning her efforts, beginning December 1, 1994, to find employment with approximately fifty employers, the commission ruled that she proved she marketed her residual work capacity. Claimant testified that she filed an application with all of the employers contacted and had approximately ten interviews. Claimant ultimately secured work with Pinkerton Security around January 31, 1995. Claimant worked for Pinkerton until February 17, 1995, when she was unable to continue due to the side effects of Lorcet. At the time of the hearing, claimant stated that she had secured a home sales job with Mary Kay Cosmetics, but had not yet started working. No evidence contradicted claimant's testimony concerning her marketing efforts. Her testimony constitutes credible evidence to support the commission's finding that she adequately marketed her residual capacity. Accordingly, we will not disturb this finding on appeal.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>