COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


FORD MOTOR COMPANY
                                    MEMORANDUM OPINION[*]
v.         Record No. 1662-96-1          PER CURIAM
                                     NOVEMBER 5, 1996
LANCE LANSDEN


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Samuel W. Meekins, Jr.; Barry Dorans;
              Wolcott, Rivers, Wheary, Basnight & Kelly, on
              brief), for appellant.

              (M. Todd Gerber; Joynes and Bieber, on
              brief), for appellee.



     Ford Motor Company (employer) appeals a decision of the

Workers' Compensation Commission (commission) awarding permanent

partial disability benefits to Lance Lansden (claimant) for a

fifteen percent impairment to his right upper extremity.

Employer contends that no credible medical evidence proved

claimant sustained any loss of use in his right arm.  Employer

argues that, at best, the medical evidence established that

claimant sustained a loss of use confined solely to his right

hand, for which he did not make a claim for permanent partial

disability benefits.  Because we find that credible evidence

supports the commission's decision, we affirm.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

――――――――――――――――
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Claimant sustained a compensable injury by accident to his right forearm and elbow on October 10, 1994. On February 15, 1995, Dr. Lance B. Davlin performed radial nerve decompression surgery on claimant's right elbow/forearm area. A physical therapist's notes, dated April 19, 1995, indicated claimant suffered from less than normal wrist and elbow strength and limited range of motion. The therapist's notes, dated May 17, 1995, indicated that claimant suffered from decreased strength, range of motion, and grip strength and increased pain in his right anterior/lateral forearm.

On October 19, 1995, Dr. Davlin noted decreased sensation over the dorsum of claimant's radial forearm and hand. On that date, Dr. Davlin rated claimant's impairment at fifteen percent of the upper extremity, which corresponded to a nine percent impairment of the whole person based upon AMA guidelines for a radial nerve entrapment at the level of the elbow graded as mild/moderate. On March 5, 1996, Dr. Davlin further clarified his opinion:

> The injury was to the upper extremity, the surgery was on the upper extremity and the impairment is referable to the upper extremity. One can play semantics with Mr. Lansden's case; however, upon examination of the patient you will see that his incision and partial permanent disability relate to an

injury to his forearm sustained at the workplace.

In awarding permanent partial disability benefits to claimant, the commission relied upon "documentation of lost grip strength and loss of sensation due to the elbow injury" and "Dr. Davlin's unequivocal conclusion that the claimant has a 15% permanent partial impairment to his right upper extremity." The therapist's notes and Dr. Davlin's medical reports provide credible evidence to support the commission's findings. Because credible evidence supports these findings, the commission's decision is binding upon us on appeal.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>