COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


KATIECORP, INC.
AND
INSURANCE COMPANY OF THE                    MEMORANDUM OPINION*
 STATE OF PENNSYLVANIA                          PER CURIAM
                                             DECEMBER 17, 1996
v.   Record Nos. 1568-96-3 and
                 1821-96-3
TINA WADE

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Robert M. McAdam; Wooten & Hart, P.C., on
              brief), for appellants.

              (Philip B. Baker; Joseph A. Sanzone
              Associates, P.C., on brief), for appellee.


     Katiecorp, Inc. and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission erred in finding that Tina Wade was totally disabled

from working as of January 2, 1996 as a result of her compensable

February 22, 1994 injury by accident.  On cross-appeal, Wade

contends that the commission erred in denying her benefits for

the period August 17, 1995 through January 1, 1996.  Upon

reviewing the record and the briefs of the parties, we conclude

that these appeals are without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In awarding temporary total disability benefits to Wade commencing January 2, 1996, the commission found as follows:

I.

> As early as January 2, 1996, Dr. [Joseph H.] Wombwell was considering possible open patella realignment surgery and surgery was, in fact scheduled for later that month.  Then on March 5, 1996, Dr. Wombwell again reiterated the employee's need for a surgical solution to her knee problem.  While he did not specifically take Wade out of work in January (most likely because she was not working), we can infer from the medical records leading up to this recommendation that from that time forward the employee was totally disabled.

Dr. Wombwell's medical records provide credible evidence to support the commission's factual findings.  Moreover, the commission could reasonably infer from these medical records that Wade was totally disabled beginning January 2, 1996.  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  <u>Hawks v. Henrico County Sch. Bd.</u>, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

II.

In order to establish an entitlement to benefits, a partially disabled employee must prove that he or she has made a reasonable effort to procure suitable work but has been unable to

2

do so.  <u>Great Atlantic & Pacific Tea Co. v. Bateman</u>, 4 Va. App. 459, 359 S.E.2d 98 (1987).  The commission found that from August 17, 1995 through January 1, 1996, Wade failed to make that required effort.  The record supports this finding.  During that time she possessed marketable capability.  She had employment experience and access to an automobile.  The record supports the further finding that during that time, her only significant attempt to find employment was to contact a job placement agency.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>