COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


HUFFMON RAY ELLIOTT
                                        MEMORANDUM OPINION[*]
v.    Record No. 2975-97-3                 PER CURIAM
                                         MAY 12, 1998
  JAMES L. NEIGHBORS AND
 ERIE INSURANCE EXCHANGE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (Huffmon Ray Elliott, pro se, on brief).

           (Dale W. Webb; Monica L. Taylor; Gentry,
           Locke, Rakes & Moore, on brief), for
           appellees.



     Huffmon Ray Elliott ("claimant") appeals a decision of the

Workers' Compensation Commission ("commission").  Claimant raises

over thirty-five questions presented in his brief.  On appeal,

this Court will not consider the questions raised by claimant in

his brief which were not disputed before the commission and which

did not involve issues within the commission's jurisdiction.  The

questions decided by the commission and which are properly before

this Court are as follows:  Whether the commission erred in (1)

finding that claimant unjustifiably refused to undergo an

independent medical examination with Dr. Robert Brown; (2)

upholding a stipulation permitting employer a credit for payments

voluntarily made to claimant; (3) upholding a stipulation that a

prior hearing transcript would not be made part of the

────────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidentiary record; (4) awarding $1,250 in attorney's fees to claimant's former attorney, Zenobia Peoples; and (5) suspending claimant's award of permanent disability benefits pursuant to Code § 65.2-503 as of December 2, 1995, the date upon which the commission awarded claimant temporary total disability benefits.

Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Code § 65.2-607(A) provides that an employer may request that an injured employee undergo a medical examination "at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer or the Commission . . . . [N]o employer may obtain more than one examination per medical specialty without prior authorization from the Commission. . . ." If an employee refuses such an examination or obstructs it, his compensation shall be suspended until such refusal or objection ceases. See Code § 65.2-607(B).

Dr. Brown's November 7, 1996 letter established that claimant reported to Dr. Brown on November 7, 1996 for a scheduled independent psychiatric examination, but he refused to go through with the examination without his attorney being

2

present. Claimant presented no credible evidence to justify his refusal.

Based upon this record, the commission suspended claimant's award of compensation effective November 7, 1996. Credible evidence proved that claimant received appropriate notice of the examination. Moreover, no evidence showed that employer's request for the examination pursuant to Code § 65.2-607 was inappropriate. The fact that employer had already had claimant examined by an independent ophthalmologist with respect to his eye injury did not preclude employer from requesting an independent examination by a psychiatrist with respect to claimant's psychological problems.

Credible evidence proved that employer was entitled to request an independent psychiatric examination by Dr. Brown pursuant to Code § 65.2-607 and that claimant failed to present credible evidence to justify his refusal to undergo the examination. Accordingly, the commission did not err in suspending claimant's compensation effective November 7, 1996.

II.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Credible evidence contained in the hearing transcript established that the parties stipulated that employer would be

allowed a credit for benefits voluntarily paid to claimant. Code § 65.2-520 specifically allows such a credit. Claimant was present at the hearing and represented by counsel, yet voiced no objection to this stipulation. Claimant appears to argue that his attorney may not have handled his case appropriately. However, this Court is not the proper forum for adjudicating any disputes claimant may have with the manner in which his attorney handled his case.

Based upon this record, we cannot find that the commission erred in ruling that the stipulation and credit were proper and should not be disturbed.

### III.

Credible evidence in the hearing transcript also reflects that the parties stipulated that a January 6, 1997 transcript of a prior hearing would not be included in the evidentiary record of the July 10, 1997 hearing. Again, claimant was present at the hearing and represented by counsel. The stipulation was proper and binding upon claimant. Moreover, the commission reviewed the January 6, 1997 transcript and found that it did not contain testimony that would change the result of the case. This finding is supported by the record. Accordingly, the commission did not err in ruling that the January 6, 1997 hearing transcript was not part of the record.

### IV.

"Code § 65.1-102 [now Code § 65.2-714] provides that the

4

fees of attorneys shall be subject to approval and award of the Commission." Hudock v. Industrial Comm'n, 1 Va. App. 474, 477, 340 S.E.2d 168, 171 (1986). The commission awarded $1,250 in attorney's fees to claimant's former attorney, Zenobia Peoples. The commission based this award upon its findings that the voluminous record showed that claimant's attorney addressed multiple issues and represented claimant in a lengthy hearing. These findings are amply supported by the record. Accordingly, the commission did not abuse its discretion in fixing the fee at $1,250.

V.

Code § 65.2-503 provides that permanent disability benefits "shall be payable after payments for temporary total incapacity pursuant to § 65.2-500." Accordingly, the commission did not err in suspending claimant's award of permanent disability benefits effective December 2, 1995, the date his award of temporary total disability benefits commenced.

For these reasons, we affirm the commission's decision.

Affirmed.

5