COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


RACHEL FLESHMAN
                                            MEMORANDUM OPINION*
v.   Record No. 0224-98-3                       PER CURIAM
                                              MAY 19, 1998
MARRIOTT AND
 CONTINENTAL INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Rachel Fleshman, pro se, on brief).

            (Roger L. Williams; John T. Cornett, Jr.;
            Williams & Lynch, on brief), for appellees.


     Rachel Fleshman ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in suspending her

compensation benefits as of September 26, 1996 on the grounds

that she unjustifiably refused selective employment offered to

her by Marriott ("employer") and that she failed to market her

residual work capacity.  Upon reviewing the record and the briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Findings of fact made by the commission will be upheld on appeal

if supported by credible evidence.  See James v. Capitol Steel

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The following facts were not in dispute. On September 16, 1996, claimant's treating physician, Dr. John W. Barnard, Jr., approved a light-duty job description for the position of dining room attendant. As a result, Ernie Minor, employer's general manager of food services, contacted claimant on September 19, 1996 and offered her the position. On September 23, 1996, claimant contacted Minor and told him that she would not return to work because she believed she remained disabled. In February 1997, claimant contacted employer and agreed to accept the light-duty position previously offered to her. However, at that time, the position was no longer available. Claimant admitted that she had made no attempt to market her residual work capacity since September 20, 1996 other than contacting employer in February 1997.

In granting employer's application, the commission made the following findings:

> [T]he claimant argues that, we should not follow Dr. Barnard's opinion that she could do the light duty work. However, the claimant provided no medical evidence to rebut Dr. Barnard's medical opinion that she was capable of returning to work and able to perform the dining room attendant duties. Dr. Barnard treated the claimant since December 1995. We, as did the Deputy Commissioner, believe [Dr. Barnard] was capable of saying whether the claimant could work at the light-duty position. We therefore AFFIRM the Deputy Commissioner's decision that her refusal to accept the job was unjustified.
>
> The Deputy Commissioner also held the claimant cured her unjustified refusal of

2

> selective employment in February 1997 when she told the employer she would accept the dining room attendant position. Nevertheless, because of the claimant's admitted failure to market her residual work capacity after September 20, 1996, the Deputy Commissioner held that she was not entitled to a resumption of wage benefits.

Dr. Barnard's medical records and opinions provide credible evidence to support the commission's decision. Claimant contended that she could not perform the job offered to her by employer. However, claimant never attempted to perform the job nor did she provide credible medical evidence to support her subjective belief that she could not perform the duties of the light-duty job offered to her by employer. Moreover, she admitted that she failed to market her residual work capacity after September 20, 1996.

Based upon this record, we cannot find that the commission erred in granting employer's application and suspending claimant's benefits. Accordingly, we affirm the commission's decision.

<u>Affirmed</u>.

3