COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

ZENITH HILLIARD

v.   Record No. 0585-98-3

TRI TRAVEL NETWORK, INC. AND
 NATIONWIDE MUTUAL INSURANCE COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
AUGUST 25, 1998

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Terry L. Armentrout; Armentrout &
Armentrout, on brief), for appellant.

(John K. Coleman; Slenker, Brandt, Jennings &
Johnston, on brief), for appellees.

Zenith Hilliard ("claimant") contends that the Workers' Compensation Commission ("commission") erred in finding that Tri Travel Network, Inc. ("employer") proved that claimant was released to return to her pre-injury employment as of May 15, 1996. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission must be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In granting employer's application, the commission found as

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

follows:

As to the weight restriction, we AFFIRM the Deputy Commissioner's decision. Ms. White weighed a box filled with files and determined that it weighed only 21 1/2 pounds. The claimant's testimony that the filled box weighed more than 50 pounds was based on her guess. The Deputy Commissioner properly gave greater weight to Ms. White's testimony.

\* \* \* \* \* \* \*

Neither the claimant's regular duties, nor the job description approved by Dr. [Ritchie] Gillespie require the claimant to do her work from a standing position. Dr. Gillespie's view of the claimant's ability to sit, changed from February to May. While the claimant could not sit for more than one hour at a time in February, by May it was Dr. Gillespie's opinion, as shown by his approval of the job description, that the claimant could perform a job that required her to sit or stand "as needed." A fair reading of the job description together with Dr. Gillespie's office notes show that he believed the claimant could perform her sedentary job so long as she could stand whenever necessary. The claimant testified that she usually performed her job sitting but she was able to stand as necessary.

Dr. Gillespie's medical records, his approval of the job description which he discussed with claimant, and claimant's testimony that she could stand as necessary in her pre-injury work, constitute credible evidence to support the commission's finding that claimant was fully able to return to her pre-injury employment.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.

-2-