COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Overton[*]
Argued at Norfolk, Virginia


SURFACE TECHNOLOGIES CORPORATION AND
 NATIONAL UNION FIRE INSURANCE COMPANY
 OF PITTSBURGH
                                    MEMORANDUM OPINION[**] BY
v.        Record No. 1468-98-1      JUDGE NELSON T. OVERTON
                                         FEBRUARY 2, 1999
KERRY ORLANDO RIDLEY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          F. Nash Bilisoly (Kelly O. Stokes;
          Vandeventer Black, on briefs), for
          appellants.

          Gregory E. Camden (Montagna, Klein & Camden,
          on brief), for appellee.


     Surface Technologies Corporation (employer) appeals an award

of the Workers' Compensation Commission (commission) awarding

Kerry O. Ridley (claimant) temporary total disability benefits.

The commission found that claimant sustained a compensable injury

when a co-worker struck claimant's head with a bar.  Although

employer has presented several questions for review, they all

amount to the single issue of whether the commission's award is

supported by the evidence.  Because we hold that the evidence was

sufficient to support the commission's award, we affirm.

_____

        [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

        [**]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

The parties are fully conversant with the record and because this memorandum opinion carries no precedental value, we include only those facts necessary to disposition of this appeal.

Viewing the evidence in the light most favorable to claimant, the prevailing party below, see R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990), the evidence proves that on March 7, 1996, claimant was struck from behind by a co-worker, Timothy Weeks. Weeks was upset because claimant had re-assigned Weeks to a less desirable job earlier that day. Weeks and claimant scuffled, claimant pinned Weeks to the ground and then released him. As claimant turned and walked away, Weeks picked up a metal bar and struck claimant in the back of the head.

While there was some conflicting testimony regarding the cause and nature of the fight, the commission accepted claimant's testimony as more credible than that of several other witnesses. The commission found that claimant was injured as a result of the work-related disagreement and the injury was compensable. The commission specifically rejected employer's argument that claimant was the aggressor in the fight or that the fight constituted "horseplay."

When reviewing the sufficiency of the evidence in support of compensation awards:

> "[w]e do not retry the facts before the
> Commission nor do we review the weight,

preponderance of the evidence, or the credibility of witnesses. If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact."

Ford Motor Co. v. Hunt, 26 Va. App. 231, 236, 494 S.E.2d 152, 154-55 (1997) (quoting Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983)). Because the evidence fully supports the commission's findings, we shall not disturb them on appeal.

Claimant has placed one additional issue before us. He asks that employer pay claimant's attorney's fees and costs incurred by the appeal. While employer's arguments are unoriginal, we cannot say they were "brought, prosecuted, or defended without reasonable grounds." Code § 65.2-713(A). We, therefore, decline to assign claimant's attorney's fees and costs to employer.

Because the evidence is sufficient to support the commission's findings, we affirm claimant's award.

Affirmed.