COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Frank

AIAHUN SEMERE

v.    Record No. 0533-99-4

R.H. MACY & COMPANY, INC. AND
 ZURICH AMERICAN INSURANCE
 COMPANY OF ILLINOIS

MEMORANDUM OPINION*
PER CURIAM
JULY 20, 1999

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(James J. Gallinaro; Ray & Gallinaro, on
brief), for appellant.

(Charles F. Midkiff; Midkiff & Hiner, P.C.,
on brief), for appellees.


Aiahun Semere (claimant) contends that the Workers' Compensation Commission (commission) erred in finding that R.H. Macy & Company, Inc. and its insurer (hereinafter referred to as "employer") proved that claimant was released to return to all of the duties of his pre-injury employment.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On March 27, 1998, after reviewing a description of claimant's pre-injury job as a salesman of household appliances, Dr. Jorge Mondino opined that claimant was released to return to his pre-injury position.  On that same date, after receiving a copy of claimant's pre-injury job description and based upon an EMG performed on claimant, Dr. Ali Ganjei agreed that claimant was released to his pre-injury job.  In addition, on April 16, 1998, Dr. Neil Kahnovitz examined claimant at employer's request.  Dr. Kahnovitz noted that claimant presented with "rather exaggerated symptoms and a total lack of objective findings to correlate with his magnified pain complaints."  Dr. Kahnovitz agreed "completely with the prior recommendations of return to work in at least a sedentary setting immediately."  Dr. Kahnovitz opined that "there is no reason to think that, based on the relatively sedentary/light duties involved as a salesman, the patient could not return to that job at this time."

These uncontradicted medical opinions provide credible evidence to support the commission's finding that employer met its burden of proving that claimant was able to perform all of the duties of his pre-injury work.  Moreover, the commission correctly acknowledged that in a case, such as this one, where the claimant presented no evidence to contradict the accuracy of the pre-injury

-

job description, employer was under no duty to offer additional affirmative evidence as to the accuracy of that job description. The fact that claimant may have been performing a particular act at the time of his injury is of no significance, where, as here, there was no evidence that such an act was a required or expected part of his pre-injury job.

For these reasons, we affirm the commission's decision.

Affirmed.

-