COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Lemons


TERRI LEE ROBINSON
                                    MEMORANDUM OPINION*
v.    Record No. 0839-99-3              PER CURIAM
                                     SEPTEMBER 7, 1999
OLAN MILLS, INC. AND
 ZURICH INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (P. Scott DeBruin; DeBruin & Layne, P.C., on
            brief), for appellant.

            (Charles F. Midkiff; Midkiff & Hiner, P.C.,
            on brief), for appellees.

     Terri Lee Robinson (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that the

voluntary payment of compensation benefits to her for more than

two years by Olan Mills, Inc. and its insurer (hereinafter

referred to as "employer") did not constitute a de facto award.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit. Accordingly, we

summarily affirm the commission's decision. See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below. See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

So viewed, the evidence proved that on November 29, 1995, while working for employer as a photographer, claimant injured her neck and back. Employer voluntarily paid compensation benefits to claimant from November 29, 1995 through February 1998, but did not file a Memorandum of Agreement with the commission.

On December 12, 1997, claimant filed a Claim for Benefits related to the November 29, 1995 incident. At the hearing, employer defended against the claim on the ground that claimant did not sustain a compensable injury by accident arising out of and in the course of her employment.

Based upon this record, we find that the commission did not err in ruling that a de facto award did not exist and that "employer defended the compensability of this claim in good faith, and that the employer's voluntary payment of benefits [did] not prevent it from contesting the compensability of the underlying claim." Here, employer did nothing more than make voluntary payments to claimant. "An employer and carrier are not estopped from denying future payments merely because they had paid them in the past." Rucker v. Thrift Transfer, Inc., 1 Va. App. 417, 420, 339 S.E.2d 561, 562 (1986).

Claimant relies upon our holdings in National Linen Serv. v. McGuinn, 5 Va. App. 265, 362 S.E.2d 187 (1987) (en banc), and City of Roanoke v. Anderson, Rec. No. 2561-94-3 (Va. Ct. App. Dec. 19, 1995), in support of her argument that a de facto award

- 2 -

existed in this case.  However, those cases are factually distinguishable from this case.

In McGuinn, unlike this case, the employer stipulated to the compensability of the claim.  McGuinn, 5 Va. App. at 271, 362 S.E.2d at 190.  Then, after accepting the claim as compensable, National Linen defended solely on the ground that McGuinn failed to market his residual work capacity.  See id. at 268, 362 S.E.2d at 188.  In this case, employer never accepted the claim as compensable, and in fact, challenged the compensability of the claim at the hearing.

In Anderson, unlike this case, the employer accepted the claimant's condition as compensable before it stopped paying compensation benefits and challenged the causal relationship between the claimant's disability and his employment.

Because the commission did not err in finding that there was no de facto award, claimant bore the burden of proving that she sustained a compensable injury by accident arising out of and in the course of her employment.  The commission ruled that claimant's evidence failed to sustain her burden of proof.  She did not appeal that finding.  Accordingly, it is binding and conclusive upon us on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.