COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


OIL TRANSPORT, INC. AND
 TRAVELERS INSURANCE CO.
                                          OPINION BY
v.        Record No. 2385-95-1    JUDGE NELSON T. OVERTON
                                          JULY 2, 1996
EMMA JORDAN


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Michelle ReDavid Rack (Gregory R. McCracken;
        Huff, Poole & Mahoney, P.C., on brief), for
        appellants.

        Sidney H. Kelsey, Jr. for appellee.


     Emma Jordan was awarded benefits pursuant to Code

§§ 65.2-512(A)(2) and 65.2-515(A)(4) after her son was killed in

a work-related accident.  Oil Transport and its insurer

(collectively "employer") appeal, contending that the evidence

before the Workers' Compensation Commission was insufficient to

support a finding of destitution as to Jordan.  We agree with

employer, and we reverse the order of the commission and dismiss

the claim.

     Jordan's son was killed in October 1992 in an accident

arising out of and in the course of his employment with Oil

Transport.  The employer accepted the claim as compensable but

denied that Jordan was entitled to receive benefits as a

dependent of her son.  A hearing was held before Deputy

Commissioner Lahne on April 26, 1995, to determine whether Jordan

was totally or partially dependent on the decedent.  Jordan was

the sole witness.

Jordan had been living with her son when he was killed.  She testified that her son cashed his checks and gave her money to pay the rent, utilities, and food.  His weekly wage was $395.64 (approximately $1700 per month).  Jordan's monthly income at the time of her son's death was $636.08, comprising $420 from an annuity and $216.08 from Social Security.  Jordan testified that her son claimed her as a dependant when he filed tax returns, although she did not specify which years and no tax returns were produced at the hearing.  The deputy commissioner, after hearing Jordan's testimony and reviewing the interrogatories, found that Jordan was a parent in destitute circumstances as contemplated by Code § 65.2-515(A)(4) and awarded benefits pursuant to Code § 65.2-512(A)(2).  The full commission found that the record supported the deputy commissioner's conclusion and affirmed the award.

> Code § 65.2-512 states in relevant part:
> A.  If death results from the accident within nine years, the employer shall pay, or cause to be paid, compensation in weekly payments equal to 66 2/3 percent of the employee's average weekly wages, but not more than 100 percent of the average weekly wage of the Commonwealth as defined in § 65.2-500 nor less than 25 percent of the average weekly wage as defined therein:
>
>      *     *     *     *     *     *     *
>
> 2.  If there are no total dependents pursuant to subdivision A 1, A 2, or A 3 of § 65.2-515, to those persons presumed to be wholly dependent as set forth in subdivision A 4 of § 65.2-515, and to those determined to

be wholly dependent in fact, for a period of
400 weeks from the date of injury . . . .

Code § 65.2-515(A)(4) provides that "[p]arents in destitute circumstances, provided there be no total dependents pursuant to other provisions of this section," are "conclusively presumed to be dependents wholly dependent for support upon the deceased employee."  A parent with "only the earning potential sufficient to provide no more than a bare existence with no resources to provide against reasonably anticipated or inevitable financial emergencies" is deemed "financially vulnerable" and, therefore, destitute for the purposes of Code § 65.2-515(A)(4).  Roanoke Belt, Inc. v. Mroczkowski, 20 Va. App. 60, 71, 455 S.E.2d 267, 272 (1995).  This status is to be determined by the evidence viewed at the time of the employee's death.  Id.

Under these standards Jordan failed to meet her burden of proving dependency, whether actual or as a result of being financially vulnerable.  Despite two sets of specific interrogatories, Jordan refused to provide even approximate dollar amounts of her son's contributions to her expenses.  She produced no tax returns, no documentation of bills being paid by her son, nor any other tangible objective evidence of dependency.  Her testimony consisted solely of bald assertions that she was dependent on her son's contributions.  Jordan testified to no reasonably anticipated or inevitable financial emergency at the time of her son's death.  The evidence of her financial position at the time of her son's death was inadequate to classify her as

financially vulnerable.  Upon the record before us, we must conclude that the commission had insufficient evidence to determine that Jordan was in "destitute circumstances."

Employer also argues that the deputy commissioner erred in excluding certain letters written by the decedent.  Having concluded that the claim should be dismissed on other grounds, we do not reach the issue of the admissibility of the letters.

For the reasons set forth above, we reverse the commission's decision and dismiss the claim.

<u>Reversed and dismissed.</u>