COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


ANTHONY LEON CLARK (DECEASED),
 BY AND THROUGH ODELL T. CLARK

                                    MEMORANDUM OPINION* BY
v.    Record No. 0695-00-3          JUDGE ROBERT J. HUMPHREYS
                                       NOVEMBER 14, 2000
LAWHORNE BROTHERS, INC. AND
 PENNSYLVANIA MANUFACTURING ASSOCIATION
 INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Arelia S. Langhorne for appellant.

        Frederick T. Schubert, II (Steven H. Theisen;
        Midkiff & Hiner, P.C. on brief), for
        appellees.


     Anthony Leon Clark ("the decedent"), by and through

Odell T. Clark ("Odell"), his mother, contends that the Workers'

Compensation Commission ("commission") erred in finding that

(1) Odell failed to prove that she was conclusively presumed to

be wholly dependent upon the decedent, as a parent in destitute

circumstances within the meaning of Code § 65.2-515(A)(4);

(2) Odell failed to prove that she was wholly dependent on

decedent within the meaning of Code § 65.2-516; and (3) on

review before the full commission, Odell waived her contention

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

that she was at least partially dependent on the decedent within the meaning of Code § 65.2-516. For the reasons that follow, we disagree and affirm the decision of the commission.

### I. Parent in Destitute Circumstances

On appeal, "we review the evidence in the light most favorable to the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

> "[T]he fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." We further recognize that findings concerning the status of presumptive dependents are factual determinations.

> However, the principal issues raised by this appeal relate not to the factual findings of the commission, but to its application of the law to those findings. Accordingly, these issues are mixed questions of law and fact. [Thus], while we must defer to the factual findings of the commission with respect to [Odell's] finances and work capacity, we review de novo the commission's application of the law to those findings in determining whether she was destitute.

Roanoke Belt, Inc. v. Mroczkowski, 20 Va. App. 60, 67-68, 455 S.E.2d 267, 270-71 (1995) (citations omitted).

The commission made the following findings:

> The evidence shows that [Odell] receives $470.00 per month in social security benefits [, which is excluded from consideration of her destitute circumstances pursuant to Id. at 68-69, 455 S.E.2d at 271]. She has no other income at this time but before her son's death, she was working

-

twenty hours per week despite her alleged
diagnosed high blood pressure.

 [Odell] did not prove that she was
incapacitated for other employment.  She
presented no medical evidence that her high
blood pressure prevented her from holding a
job or that she in fact looked for work
following her son's death.  She owns a car
and a home valued at $100,000 in which she
has a 70% equity.  She has no dependents and
has not proven that she does not have
earning potential.

In <u>Oil Transport, Inc. v. Jordan</u>, 22 Va. App. 633, 472

S.E.2d 291 (1996), we noted that

 Code § 65.2-515(A)(4) provides that
"[p]arents in destitute circumstances,
provided that there be no total dependents
pursuant to other provisions of this
section," are "conclusively presumed to be
dependents wholly dependent for support upon
the deceased employee."  A parent with "only
the earning potential sufficient to provide
no more than a bare existence with no
resources to provide against anticipated or
inevitable financial emergencies" is deemed
"financially vulnerable" and, therefor,
destitute for the purposes of Code
§ 65.2-515(A)(4).  <u>This status is to be
determined by the evidence viewed at the
time of the employee's death.</u>

<u>Id.</u> at 636, 472 S.E.2d at 292 (citations omitted) (emphasis

added).  "[T]he determination of whether a parent is in

destitute circumstances depends upon various factors, including

earnings or <u>earning potential</u>, <u>amount of assets</u>, health, age,

level of formal education, and number of dependents."  <u>Roanoke

Belt</u>, 20 Va. App. at 73, 455 S.E.2d at 273 (emphasis added).

-

Applying these criteria to the facts of this case, we find that the commission did not err in concluding that Odell was not a parent in destitute circumstances. At the time of the decedent's death, Odell was sixty-three years old and worked twenty hours per week cleaning offices for ServiceMaster. During the month prior to decedent's death, she earned $467. There is no evidence that she worked or sought employment after decedent's death. She presented no medical evidence to substantiate her claim that her "palpitations, high blood pressure and emotional state" prevented her from working. Furthermore, she owns a four-bedroom home and two acres of land in which she has a substantial equity and has no dependents to support. Finally, she offered no documentary evidence to substantiate her claim that the decedent gave her money toward her monthly expenses, and she did not testify to any anticipated or inevitable financial emergency.

## II. Actual Dependency

"Code § 65.2-516 provides that 'questions of [non-presumptive] dependency in whole or in part shall be determined in accordance with the facts as [they existed] at the time of the accident; but no allowance shall be made for any payment in lieu of board and lodging or services.'" Id. at 74, 455 S.E.2d at 274.

In rejecting Odell's claim that she was actually dependent upon the decedent, the commission ruled that the payments she

-

received, if any, were for room and board, and could not be used for the purpose of establishing dependency.

This factual finding is supported by the record. The decedent began living with Odell in March, 1998. While Odell testified in her deposition that the money decedent gave her was to pay her bills and for food, she had previously testified in her deposition that the money was for room and board. Moreover, Odell produced no documentation to substantiate any contribution decedent may have made.

Based upon this record, we cannot find that the commission erred in concluding that Odell failed to prove that she was actually dependent upon the decedent.

### III. Partial Dependency

Odell argues that the commission erred in finding that she waived any issue of partial dependency. She suggests that her statement that "Anthony continued to help support his mother; he gave her $75.00 to $100.00 a week which helped to pay her bills" was sufficient to raise the issue. We disagree.

The record is clear that Odell raised no issue in her statement before the commission other than that she was a parent in destitute circumstances. She neither briefed nor argued the issue of partial dependency before the commission. Accordingly, we find that the commission did not abuse its discretion in finding that Odell waived the issue of whether she was entitled

-

to death benefits for partial dependency pursuant to Code § 65.2-516.  See generally Russell Stover Candies v. Alexander, 30 Va. App. 812, 824 n.3, 520 S.E.2d 404, 410 n.3 (1999).

For these reasons, we affirm the decision of the commission.

Affirmed.

-