COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Senior Judge Cole


CHARLES R. WINGATE
                                    MEMORANDUM OPINION*
v.    Record No. 2151-00-4              PER CURIAM
                                     DECEMBER 12, 2000
ASSETT PROTECTION TEAM, INC. AND
 INSURANCE CO. OF THE STATE OF PENNSYLVANIA/
 AMERICAN INTERNATIONAL ADJUSTMENT CO., INC.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Charles R. Wingate, pro se, on brief).

                (Susan A. Evans; Siciliano, Ellis, Dyer &
                Boccarosse, on brief), for appellees.

        The Workers' Compensation Commission dismissed Charles R.

Wingate's (claimant) February 2, 2000 claim for benefits,

without prejudice, because of his failure to comply with a

discovery order requiring that he submit to a discovery

deposition within fourteen days.  This was the sole issue before

the commission when it rendered its decision.  Although claimant

raises arguments related to the Americans with Disabilities Act

and violations of his civil rights, we address, as the issue on

appeal, the correctness of the commission's ruling.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So viewed, the record established that on October 5, 1999, this Court rendered an opinion affirming the commission's decision dismissing, without prejudice, claimant's previous claim filed on June 1, 1998, due to his failure to submit to a discovery deposition after being ordered to do so by the commission.

On February 2, 2000, claimant re-filed his claim with the commission.  On March 21, 2000, employer's counsel sent a letter to claimant, who resides in Texas, requesting that he contact her office to arrange for his discovery deposition to be taken via telephone.  On March 23, 2000, claimant contacted employer's counsel and refused to submit to a discovery deposition.

In a letter dated April 17, 2000, employer's counsel informed the commission that claimant had refused to arrange his discovery deposition and requested that the commission compel him to submit to the deposition or dismiss his claim due to his repeated failure to submit to the deposition as required by Rule 1:8, Rules of the Virginia Workers' Compensation Commission, the commission, and this Court.

On April 19, 2000, the deputy commissioner entered an order requiring claimant to submit to a telephonic discovery deposition within fourteen days.  The order contained the

-

following language: "Failure to do so will result in dismissal of the claim with prejudice."

In a letter dated May 5, 2000, employer's counsel informed the commission that claimant had not submitted to a telephonic deposition pursuant to the commission's order. Employer requested that the commission dismiss the claim with prejudice.

On May 15, 2000, the deputy commissioner entered an order dismissing the February 2, 2000 claim with prejudice for failure to submit to a telephonic deposition in a timely manner.

Claimant sent a letter to the commission via certified mail on May 2, 2000 "in response to [employer's counsel's] motion for dismissal due to failure to submit to a telephonic deposition." In the letter, claimant asserted that he was pursuing light-duty work out-of-state and would be "indisposed until May 12, 2000." Thus, he stated that he would be unable to comply with the order for a telephonic deposition. Claimant also asserted that employer's counsel should not be able to ask him any questions about his disability pursuant to the Americans with Disabilities Act and he asserted that employer had violated his civil rights. The commission treated this letter as a request for review of the deputy commissioner's May 15, 2000 order.

On review, the commission ruled that claimant is required to allow employer to depose him and found no basis upon which to place restrictions on relevant questions to be asked during the

-

discovery deposition.  In so ruling, the commission found as

follows:

>We find that claimant has chronically
>failed to comply with Orders of the
>Commission in regard to discovery matters.
>We further find that dismissal with
>prejudice is a harsh result even when a
>claimant has been dilatory in regard to
>discovery matters.  Accordingly, we AMEND
>the deputy commissioner's May 15, 2000,
>Order to dismiss the claimant's current
>claim without prejudice; however, we impose
>the following condition:  The Commission
>will accept a new claim in this matter only
>if the claimant submits documentation
>endorsed by the defendants' counsel that he
>has complied with the Commission's Order
>that he submit to a telephonic deposition.
>The Workers' Compensation Commission cannot
>process or adjudicate claims brought
>pursuant to the Americans with Disabilities
>Act or claims alleging civil rights
>violations.

We find that this case is controlled by the reasoning set

forth in our opinion in claimant's previous appeal to this Court

styled, Wingate v. Assett Protection Team, Inc., et al., No.

2569-98-4 (Va. Ct. App. Oct. 5, 1999).  The present case deals

with the same issue addressed in our previous opinion.  Based

upon the reasons set forth in that opinion and based upon this

record, we find that the commission did not abuse its discretion

in dismissing claimant's claim, without prejudice, for his

failure to submit to a discovery deposition.

For these reasons, we affirm the commission's decision.

Affirmed.

-