COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


PRO TEMPS TEMPORARY SERVICE AND
 AMERICAN ALTERNATIVE INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 2021-01-1              PER CURIAM
                                     DECEMBER 11, 2001
DANIEL P. CARNER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Todd G. Patrick; Mark S. Davis; Carr &
            Porter, LLC, on briefs), for appellants.

            (John J. Flora, III; Bennett and Zydron,
            P.C., on brief), for appellee.


     Pro Temps Temporary Service and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Daniel P. Carner

(claimant) proved that he (1) did not unjustifiably refuse

selective employment offered in October 2000; (2) cured his May

10, 2000 unjustified refusal of medical treatment on July 11,

2000; and (3) had no duty to market his residual work capacity.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

### Unjustified Refusal of Selective Employment

"To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" Id. at 515, 382 S.E.2d at 489 (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)).

In ruling that claimant did not unjustifiably refuse employer's offer of selective employment, the commission found as follows:

> We next turn to the deputy commissioner's decision that the claimant did not unjustifiably refuse an offer of selective employment in October 2000. This finding was specifically predicated on the deputy commissioner's finding that the claimant was not "properly released to light duty," and thus any offer of selective employment was inappropriate. The deputy commissioner based this finding on evidence of psychiatric treatment for "depression related to the work injury." There was no medical release, however, concerning the claimant's psychiatric condition.

- 2 -

> The employer did not address on Review the deputy commissioner's finding concerning the absence of an appropriate release to light duty.  Instead, the employer focused on the claimant's physical restrictions, and how they compared with the proffered employment.  We believe the deputy commissioner correctly determined that the claimant was not properly released to light duty, and thus was justified in refusing the proffered employment.

The medical records of Dr. Daniel E. Fischer, claimant's treating psychiatrist, constitute credible evidence to support the commission's findings.  Dr. Fischer's records established that claimant was under treatment for depression causally related to his compensable injury by accident.  Nothing in those records showed that Dr. Fischer believed that claimant was capable of performing light duty work.  Based upon Dr. Fischer's medical records, the commission could conclude that the evidence failed to prove that claimant had been released to light duty work from a psychiatric standpoint.  Accordingly, in the absence of an appropriate release to light duty work, the evidence failed to establish that claimant unjustifiably refused selective employment.

### Unjustified Refusal of Medical Treatment

In affirming the deputy commissioner's decision that claimant cured his refusal of medical treatment on July 11, 2000, the commission found as follows:

> The deputy commissioner found that the claimant cured his May 10, 2000, refusal of

- 3 -

medical treatment at Spineworks by appearing for treatment from Dr. [Steven L.] Gershon on July 11, 2000. The employer argues that this was only a "verbal assertion that he wanted to continue in the program" and was inadequate to effectuate a cure. We believe that the claimant cured his refusal on July 11, 2000. Dr. Gershon noted that he initiated telephone contact with Spineworks personnel to have the claimant admitted again into the program. The claimant also began treatment at the V.A. Pain Clinic when Spineworks turned him down. Moreover, Dr. Gershon specifically approved this treatment. The evidence showed more than "verbal assent" to the Spineworks program, but real efforts on behalf of the claimant to receive treatment—two visits with Dr. Gershon and participation in a pain clinic.

Based upon Dr. Gershon's medical records and claimant's testimony, the commission, as fact finder, could reasonably conclude that claimant, in good faith, cured his refusal of medical treatment when he returned to Dr. Gershon, who attempted to get claimant back into the Spineworks program, albeit unsuccessfully. As an alternative, claimant began treatment at a pain clinic recommended by Dr. Gershon. This credible evidence showed more than mere "verbal assent" by claimant to the Spineworks program. Rather, it established that he took affirmative action in seeking treatment, and it supported the commission's finding that claimant cured his May 10, 2000 refusal of medical treatment.

- 4 -

### Duty to Market Residual Work Capacity

Because we affirm the commission's finding that the evidence failed to prove that claimant was released to light duty from a psychiatric standpoint, we need not address this issue.

For the reasons stated, we affirm the commission's decision.

Affirmed.