COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


CITY OF SUFFOLK SCHOOL BOARD AND
 LANDIN INCORPORATED

                                        MEMORANDUM OPINION*
v.    Record No. 2410-01-1                PER CURIAM
                                         FEBRUARY 12, 2002
INGA W. RUTH


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Wendell M. Waller, School Board Attorney, on
            brief), for appellants.

            (Paul H. Wilson; Wilson & Wilson, P.C., on
            brief), for appellee.


        City of Suffolk School Board (employer) and Landin

Incorporated contend the Workers' Compensation Commission erred

in finding that Inga W. Ruth (claimant) was justified refusing

employer's offer of neurological treatment by Dr. Robert B.

Hansen.  Upon reviewing the record and the parties' briefs, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings made by the commission will be upheld on appeal

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant was justified in refusing Dr. Hansen's treatment, the commission found as follows:

> [T]he evidence indicates that Dr. Hansen practices within a pain management clinic. His treatment recommendations clearly involved at least two other groups within his clinic, and he noted the claimant's unwillingness to "enter into a therapeutic alliance."  Dr. [David P.] Meshorer's opinion was that Dr. Hansen offered a "wide range of services."
>
> The record indicated, however, that the claimant was receiving authorized pain management treatment, and the employer agrees that Dr. Hansen was being offered as a possible treating neurologist-not as a possible pain management director.  We are persuaded that the treatment refused by the claimant was not "treating neurologist" treatment but a "therapeutic alliance" at Dr. Hansen's pain management clinic.  Such a comprehensive treatment plan essentially involves the claimant's wholesale abnegation of her current treatment modality, similar to a change in her attending physician.  The employer's application, however, did not seek a change in the claimant's attending physician, but alleged that the claimant was refusing neurological treatment.
>
> We find that the claimant was justified in refusing Dr. Hansen's treatment, because it essentially was not "neurological," but involved acceptance of an entire treatment regimen.  We do not suggest that Dr. Hansen's comprehensive pain management plan would be ill advised.  Rather, we believe the evidence showed that the claimant was offered a treating neurologist by the employer, but she was provided with a comprehensive pain clinic duplicative of

- 2 -

much of the treatment she was currently receiving.

The commission's findings are supported by credible evidence, including the March 27, 2000 and November 15, 2000 letter reports of Dr. Meshorer. In his report, Dr. Meshorer described the ongoing treatment that he and Dr. Haydeh Esmaili were providing to claimant for her depression and chronic pain condition. Credible evidence also showed that claimant was receiving treatment from Dr. Stephen Plotnik, a rheumatologist, for her myofascial pain syndrome. Based upon this evidence and Dr. Hansen's statement that if claimant were to initiate treatment with him she should be "evaluated by the pain psychology section" and the "interventional pain group," the commission could reasonably infer that Dr. Hansen was not offering neurological treatment, but rather pain management treatment duplicative of much of the treatment claimant was already receiving from Drs. Esmaili, Meshorer, and Plotnick.

Because the commission's findings are supported by credible evidence, they will not be disturbed by this Court on appeal. Accordingly, we affirm the commission's decision that claimant was justified in refusing Dr. Hansen's medical treatment involving pain management.

                                                    Affirmed.

- 3 -