COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


AT&T CORPORATION
                                          MEMORANDUM OPINION*
v.    Record No. 2457-01-4                    PER CURIAM
                                           FEBRUARY 19, 2002
ROBIN ROXANNE VANSKIVER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Thomas E. Dempsey; Joseph F. Giordano;
            Semmes, Bowen & Semmes, P.C., on briefs), for
            appellant.

            (William S. Sands, Jr.; Duncan and Hopkins,
            P.C., on brief), for appellee.


        AT&T Corporation (employer) contends the Workers'

Compensation Commission erred in finding Robin Roxanne Vanskiver

(claimant) proved that (1) her disability from May 18, 2000

through June 18, 2000 was causally related to her compensable

bilateral carpal tunnel syndrome; and (2) her massage therapy

was necessary and causally related to her compensable bilateral

carpal tunnel syndrome.  Upon reviewing the record and the

parties' briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.


─────────────────

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

On appeal, employer contends claimant's evidence failed to prove that her disability from May 18, 2000 through June 18, 2000 was causally related to her compensable bilateral carpal tunnel syndrome.  However, employer did not contest this issue before the commission.  On review, the full commission specifically noted employer stipulated that claimant's disability, if any, was causally related to her compensable disease.  Accordingly, we will not consider this issue for the first time on appeal.  See Rule 5A:18.

II.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The commission held that the medical record sufficiently established that massage therapy was reasonable and necessary to maintain claimant's ability to work and function.  In so ruling, the commission found as follows:

> Dr. [Margit L.] Bleeker has continuously recommended massage therapy as a method to maintain the claimant's ability to function and to control her ongoing symptoms.  On March 4, 1999, Dr. Bleeker confirmed that massage therapy was medically necessary and

- 2 -

causally related to the occupational disease. In November 2000, she reiterated that the claimant's myofascial pain syndrome resulted from bilateral carpal tunnel and cubital tunnel releases and that she required continuous treatment. The Deputy Commissioner accorded more weight to the treating physician's opinion, and the record is insufficient to reverse this determination. We disagree with the employer's assertions that the claimant has received extensive palliative care with no change in her condition, and that since she has reached MMI, massage therapy has little value. As stated, the treating physician has continued to prescribe a certain modality of treatment and to emphasize its benefits and necessity. Dr. Bleeker's notes reveal objective physical findings and that the claimant suffers from pain which fluctuates with her activities. In fact, Dr. [Michael] Shear noted that ceasing massage therapy would increase the claimant's symptoms.

Claimant's testimony and Dr. Bleeker's medical records and opinions constitute credible evidence to support the commission's findings. As fact finder, the commission was entitled to give more probative weight to the opinion of the treating neurologist, Dr. Bleeker, regarding the reasonableness, necessity, and causation of the massage therapy, than to the contrary opinion of Dr. Shear, who examined claimant on one occasion at employer's request. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Because credible evidence supports the commission's finding that the massage therapy was reasonable, necessary, and causally related to claimant's compensable occupational disease, we will not disturb it on appeal.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>