COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


OGDEN AVIATION SERVICES AND
 INSURANCE COMPANY OF THE
 STATE OF PENNSYLVANIA                  MEMORANDUM OPINION*
                                             PER CURIAM
v.   Record No. 2560-02-4               FEBRUARY 4, 2003

JAMES JACKSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (William H. Schladt; Ward & Klein, Chartered,
              on brief), for appellants.

              (Andrew S. Kasmer; Chasen & Boscolo,
              Chartered, on brief), for appellee.


     Ogden Aviation Services and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that James Jackson (claimant) proved

(1) he sustained a compensable change in condition on November

1, 2001, causally related to his compensable June 30, 1999

injury by accident; (2) his disability after November 1, 2001

was causally related to the June 30, 1999 compensable injury by

accident; and (3) he was entitled to a change in treating

physicians.  Upon reviewing the record and the parties' briefs,

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.[1]

## I. and II.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant proved he sustained a compensable change in condition on November 1, 2001, rather than a new injury by accident, the commission found as follows:[2]

---

[1] On appeal, claimant contends employer waived its assignments of error because it failed to file a written statement on review before the full commission.  On review, the commission recognized employer's failure to file a written statement or to notify the commission that one would not be filed.  The commission ruled that employer's assignments of error were, therefore, waived and abandoned.  However, the commission addressed the merits of whether the evidence proved that claimant sustained a new injury by accident on November 1, 2001 or whether he sustained a change in condition causally related to his compensable June 30, 1999 injury by accident.  Therefore, we will address that issue on appeal.  The commission did not address the issue of whether claimant was entitled to a change in treating physicians and, therefore, we will not address it on appeal.  See Rule 5A:18.

[2] Contrary to employer's assertions in its brief, the full commission did not conclude that claimant sustained a new injury by accident on November 1, 2001.  Rather, the full commission concluded that on November 1, 2001, claimant sustained an aggravation of his June 30, 1999 compensable injury and that the evidence did not support a finding of a new sudden mechanical or structural change in claimant's body.

> [W]e agree with the Deputy Commissioner's conclusion that the claimant's current disability and medical treatment result from an aggravation of the original work accident. The claimant testified credibly that he continued to suffer exacerbations of symptoms on a frequent basis after he returned to work. The exacerbation on November 1, 2001, was similar to the other exacerbations when the claimant worked, except perhaps that the pain was worse and did not go away like it usually did. We find no persuasive evidence of a new sudden mechanical or structural change in his body, and find that he suffered an aggravation of his pre-existing work injury. He has remained totally disabled since November 1, 2001, as a result of that aggravation, and has therefore proved a change in condition.

Claimant's testimony and Dr. William Dorn's medical records provide ample credible evidence to support the commission's finding that claimant sustained no new sudden mechanical or structural change in his body, rather he sustained an aggravation of his June 30, 1999 compensable injury. That credible evidence also supports the commission's finding that claimant remained totally disabled since November 1, 2001 as a result of an aggravation of his June 30, 1999 compensable injury.

Claimant testified that although he worked his regular job from April 2000 until November 1, 2001, he continued to suffer from ongoing back pain during that entire time period. He testified that he never fully recovered before November 1, 2001. He stated that he experienced "cramps" and "twitches" in his back during that time period at least three to four times per

- 3 -

week.  Claimant admitted that the "twitch" and "cramp" he felt on November 1, 2001, while lifting a hose, were similar to the cramps he had felt since returning to work in April 2000. Dr. Dorn opined in his November 29, 2001 report that claimant "sustained injuries to the lower back in 1999 and aggravated the condition with his continued work and an incident on November 1, 2001."  Dr. Dorn's medical records established that claimant remained totally disabled after November 1, 2001.

Because the commission's findings are supported by credible evidence, we will not disturb them on appeal.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>