COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


VIRGINIA INDUSTRIAL SERVICE AND
 CINCINNATI CASUALTY COMPANY

                                        MEMORANDUM OPINION*
v.    Record No. 0653-03-3                  PER CURIAM
                                         AUGUST 19, 2003
KENNETH SCOTT MILLER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Joseph C. Veith, III; Trichilo, Bancroft,
                McGavin, Horvath & Judkins, P.C., on brief),
                for appellants.

                (A. Thomas Lane, Jr., on brief), for
                appellee.


        Virginia Industrial Service and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that Kenneth Scott Miller's

application seeking amendment of his pre-injury average weekly

wage was "seasonably presented."  Upon reviewing the record and

the parties' briefs, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.[1]

        _____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] Employer did not appeal the commission's finding that a
mutual mistake occurred justifying amendment of claimant's
average weekly wage.  Accordingly, that finding is binding and
conclusive upon us on appeal.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"[T]he . . . Commission has the implied power, incidental to those expressly granted, to entertain and hear an application, seasonably presented, to vacate and set aside an award procured through fraud or mistake.  Whether an application is seasonably made must necessarily depend upon the facts and circumstances of the particular case."  <u>Harris v. Diamond Const. Co.</u>, 184 Va. 711, 721, 36 S.E.2d 573, 578 (1946).

In ruling that claimant seasonably filed his application seeking to amend his average weekly wage, the commission found as follows:

> The claimant first received compensation under an Award on June 5, 2000, and did not seek to amend the average weekly wage until January 23, 2002.  Even then the claimant did not know of his precise wages, asserting only that the original average weekly wage figure incorrectly did not include overtime.  The employer did not complete a Wage Chart until April 2002.
>
> The claimant explained that he understood from the adjuster that overtime was not included in calculating his average weekly wage.  Once he learned otherwise, in December 2001, he promptly filed the Claim to amend the figure.  Under these circumstances, we believe that the Claim was seasonably made.

Based upon claimant's testimony, the commission, in its role as fact finder, could reasonably infer that claimant

sufficiently explained his delay in making a request for an amendment of his average weekly wage. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Having accepted the claimant's explanation as credible, the commission did not abuse its discretion in concluding that his application was "seasonably presented" under the facts and circumstances of this case. Harris, 184 Va. at 721, 36 S.E.2d at 578.

Accordingly, we affirm the commission's decision.

Affirmed.